# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ERNEST COLTS,  :

    Petitioner  :  Civil Action No. 07-1363(JDB)

            :  Judge John D. Bates

v.  :

            :

U.S. PAROLE COMMISSION,  :

    Respondent  :

## U.S. PAROLE COMMISSION'S OPPOSITION TO PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS

The U.S. Parole Commission, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully files its opposition to the petitioner's petition for a writ of habeas corpus. In support of his petition, the petitioner claims that he should be released because the U.S. Parole Commission ("the Commission") did not provide his probable cause and revocation hearings in a timely manner and because the Commission lacked a sufficient evidentiary basis on which to find that the petitioner had violated the terms of his supervised release. Because the petitioner has not shown any prejudice from the delay in his hearings and because the Commission had sufficient evidence to support a supervised release violation, the petitioner has failed to show that his confinement is unlawful and his petition for a writ of habeas corpus should be summarily denied.

## PROCEDURAL HISTORY

On December 23, 2002, the petitioner, Ernest Colts, was sentenced in Superior Court Case No. F 2833-02 to an aggregate term of 3 years of imprisonment, followed by a 5 year term of supervised release for his convictions on two counts of armed robbery and one count of assault with intent to commit robbery. See Exhibit A (Judgment and Commitment Order). The petitioner

was released to his term of supervised release on December 20, 2004. See Exhibit B (Certificate of Supervised Release).

On February 17, 2005, the United States Parole Commission ("the Commission") issued a supervised release violation warrant for the petitioner, charging him with violating the law (assault). See Exhibit C (Warrant Application) and Exhibit D (Warrant). The violator warrant was executed on March 3, 2005. See Exhibit D at p. 2. After a supervised release revocation hearing was conducted on May 5, 2005, at which the complainant, Ms. Annie Brown, testified that the petitioner had not assaulted her, the Commission issued its decision on May 20, 2005, finding no violation, and the petitioner was reinstated to supervision. See Exhibit E (Hearing Summary) and Exhibit F (Notice of Action).

However, the Commission issued another violator warrant on February 22, 2007 charging the petitioner with three law violations: assault on August 27, 2006, assault on October 9, 2006, and violation of a civil protection order. See Exhibit G (Warrant Application) and Exhibit H (Warrant). The United States Marshals Service ("U.S. Marshals") executed the violator warrant on March 21, 2007, but the Commission was not notified until May 17, 2007, when the U.S. Marshals notified the Commission of the executed warrant. See Exhibit H at p. 2 and Exhibit J at p. 2 (SRAA Local Revocation Prehearing Assessment). The probable cause hearing was postponed from May 18, 2007 to May 22, 2007 at the request of the petitioner's counsel. See Exhibit I at p. 1 (D.C. Probable Cause Hearing Digest) and Exhibit J at p. 2. On May 22, 2007, the Commission's hearing examiner found probable cause and the petitioner requested the appearance of Ms. Annie Brown, the complaining witness, and his supervision officer for his revocation hearing. See Exhibit I at p. 5.

Hearing Examiner Gregory Price conducted a revocation hearing on June 6, 2007, at which the petitioner denied all of the charges. See Exhibit K at pp. 2-3 (Hearing Summary). Ms. Brown appeared at the hearing and provided sworn testimony. See Exhibit K at pp. 2-3. She completed her testimony and cross-examination on the charge that the petitioner had assaulted her on August 27, 2006, testifying that the petitioner pushed her and caused her to fall down. Id. Ms. Brown also provided direct testimony on the charge that the petitioner had assaulted her on October 9, 2006, but she refused to continue answering questions during her cross-examination because the petitioner's counsel's line of questioning upset her. Id. After it became apparent that Ms. Brown would not answer any further questions from defense counsel, the examiner allowed her to leave. Id. The examiner found her testimony regarding the assault on August 27, 2006 to be clear, consistent and credible but made no finding regarding the assault on October 9, 2006 because of Ms. Brown's premature departure. Id. at pp. 3-5. The examiner recommended that the Commission revoke the petitioner's term of supervised release and impose a new prison term of 16 months, followed by a new term of supervised release of 42 months. Id. at p. 5. Upon administrative review, a Commission executive reviewer concurred with the hearing examiner's findings of fact but disagreed with the recommendation of 16 months imprisonment. Id. at p. 6. Instead, the executive reviewer recommended that the petitioner serve a prison term of 22 months, followed by a term of 36 months of supervised release. See Exhibit K at p. 6 and Exhibit L (Order). A third Commission examiner reviewed the file and concurred with the executive reviewer, forming a panel recommendation. See Exhibit L.[1]

---

[1]Two examiners must concur on a recommended decision before a case is sent to the Commission for a decision. See 28 C.F.R. § 2.23.

The Commission accepted the panel's recommendation based upon the "credible testimony" of Ms. Brown regarding charge that the petitioner assaulted Ms. Brown on August 27, 2006, and, on July 24, 2007, the Commission revoked the petitioner's term of supervised release and imposed a prison term of 22 months, to be followed by a new term of supervised release of 36 months. See Exhibit M (Notice of Action).

## ARGUMENT

"The writ of habeas corpus shall not extend to a prisoner unless. . . [h]e is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). The petitioner claims that he should be reinstated to his term of supervised release because the Commission did not conduct a probable cause hearing within the five day time period prescribed by the Commission's regulations and because the Commission did not conduct his revocation hearing in a timely manner.[2] The petitioner also asserts that the Commission could not base the

---

[2]Since the filing of the petitioner's petition on July 27, 2007, the petitioner was transferred to USP Hazelton in Bruceton Mills, West Virginia. However, at the time the petitioner filed his petition, he was an inmate at the D.C. Correctional Treatment Facility, where his custodian was Warden John Caulfield. Warden Caulfield is within this Court's jurisdiction and because the Court had jurisdiction over the petitioner's custodian when the petitioner filed his petition, this Court retains jurisdiction despite the petitioner's subsequent transfer. See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (if district court had jurisdiction over petitioner's custodian when petitioner filed petition, court maintains jurisdiction if petitioner thereafter is transferred to another jurisdiction). Nonetheless, the Court should strike the respondent named in the caption of the petitioner's petition, and substitute the Warden Joe Driver of USP Hazelton as the respondent to comply with the requirements of 28 U.S.C. § 2243 ("The writ or order to show cause shall be directed to the person having custody of the person detained."); see Rumsfeld, supra, 542 U.S. at 435 ("longstanding practice confirms that in habeas challenges to present physical confinement – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official") (citations omitted); Stokes v. U.S. Parole Comm'n., 374 F.3d 1235, 1239 (D.C. Cir.) (same), cert. denied, 543 U.S. 975 (2004); Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("When a prisoner seeks to challenge parole-related decisions, the warden of the prison and not the United States Parole Commission is the prisoner's 'custodian.'");

revocation of his supervised release based on a criminal charge that was dismissed, and the

testimony of the victim, whom he claims was not credible. These arguments are without merit,

and, for the following reasons, the petitioner's petition should be summarily denied.

## I.    THE COMMISSION'S DELAY IN CONDUCTING PETITIONER'S HEARINGS DID NOT VIOLATE HIS DUE PROCESS RIGHTS

The petitioner claims that he should be released because the Commission violated his due

process rights by not conducting his probable cause and revocation hearings within the time

requirements established by the Commission's regulations. Although the petitioner did not

receive his hearings in a timely manner, the petitioner has received both his probable cause

hearing and his revocation hearing and therefore this claim is now moot.[3] Furthermore, the

petitioner has not demonstrated any prejudice as a result of the delay.

When a petitioner has received all of the relief that he has requested in his habeas

petition, his petition is moot. Because the Commission has now conducted the petitioner's

probable cause and revocation hearings, this portion of his petition is now moot. See, e.g. In Re

Smith, 114 F.3d 1247, 1249 (D.C. Cir. 1997) ("request for habeas relief is moot as a result of

[petitioner's] release from prison"); Thorndyke v. Washington, 224 F.Supp.2d 72, 75 (D.D.C.

2002) (petitioner's claim of unlawful custody rendered moot by Commission's corrective action);

---

Guerra v. Meese, 786 F.2d 414, 416 (D.C. Cir. 1986) (holding that "for purposes of challenging a
Parole Commission action on the sentence a prisoner is currently serving in a federal penal
facility, the warden of that facility is the prisoner's custodian within the meaning of 28 U.S.C. §§
2241-2243") (citations omitted).

[3]The Commission acknowledges that, due to an administrative error, the petitioner did not
receive his hearings within the time frame contemplated by the Commission's regulations. The
Commission's regulations require that a probable cause hearing be held within 5 days and a
revocation hearing within 65 days of the petitioner's arrest on the violation warrant. See 28
C.F.R. § 2.214(a).

Walker v. Henderson, 912 F.Supp. 1, 3 (D.D.C. 1996) (no longer a case or controversy to litigate when prisoner achieved objective of petition); Thomas v. U.S. Parole Commission, 1992 WL 193695, at *3 (D.D.C. 1992) (case moot where petitioner, who complained of delayed revocation hearing, had received fair hearing, the only remedy to which he was entitled).

Even if this issue is not moot, the law is well established that the remedy for a delayed revocation hearing is for the Commission to conduct a hearing. See Sutherland v. McCall, 709 F.2d 730, 732 (D.C. Cir. 1983) (remedy is to compel a hearing, not to compel release on parole or extinguish remainder of sentence); Jones v. U.S. Bureau of Prisons, 903 F.2d 1178, 1185 (8th Cir. 1990) ("[T]he only remedy available when the Commission fails to hold a timely hearing is . . .to require the Commission to give the petitioner a fair hearing"); Bryant v. Grinner, 563 F.2d 871, 872 (7th Cir. 1977) (proper remedy is to compel a decision by the Commission, not to release the prisoner from custody); Briscoe-El v. Gaines, 2006 WL 1726753, *2 (D.D.C. Jun 21, 2006) (appropriate remedy for failure to conduct a timely revocation hearing is a writ of mandamus to compel a hearing, not a writ of habeas corpus); Lantion v. U.S. Parole Comm'n., 2005 WL 758270, *1 (D.D.C. April 1, 2005) ("if a parole revocation hearing is untimely, the available remedy is a writ of mandamus directing the Parole Commission to conduct a hearing").

The alleged violator is entitled to release on a writ of habeas corpus only if he can meet his burden of establishing "actual prejudice" arising from an unreasonable delay, i.e., that the delay "prejudiced his defense at the revocation hearing." See Sutherland v. McCall, supra, 709 F.2d at 733 (petitioner failed to show that thirty-three month delay prejudiced his defense); Robinson v. U.S. Parole Comm'n., 2006 WL 2244629, *2 (D.D.C. Aug. 3, 2006) (petitioner must demonstrate that delay was unreasonable and prejudicial); Farmer v. U.S. Parole Comm'n.,

2005 WL 354007, *1 (D.D.C. Feb. 14, 2005) (same); Crum v. U.S. Parole Comm'n., 814 F.Supp. 1, 3 (D.D.C. 1993) (same). Delay, standing alone, does not entitle the petitioner to release from prison. Rather, the prejudice that the petitioner must demonstrate refers to prejudice suffered by an alleged violator in preparing or presenting his defense to the revocation charges due to the loss of witnesses or evidence as a result of the delay.

In this case, the petitioner has not alleged, let alone established, that the delay caused him any prejudice. To the contrary, the complaining witness testified at the revocation hearing, and the petitioner's attorney had an extensive opportunity to cross-examine her about both assaults. Thus, the petitioner has not proven that his ability to defend himself against the violation charges was substantially impaired by two relatively brief delays and therefore has not established prejudice sufficient to entitle him to habeas relief. See Paul v. McFadin, 1997 WL 407843, *2 (10th Cir.) (parolee must show actual prejudice caused by unreasonable delay), cert. denied, 522 U.S. 1005 (1997); Villarreal v. U.S. Parole Comm'n., 985 F.2d 835, 837 ( 5th Cir. 1993) (parolee must show actual prejudice was caused by unreasonable delay); Cortinas v. U.S. Parole Comm'n., 938 F.2d 43, 45 (5th Cir. 1991) (habeas petition denied where the petitioner failed to assert his ability to present facts or contest the violation was affected by the delay); Northington v. U.S. Parole Comm'n., 587 F.2d 2, 3 (6th Cir. 1978) (parolee must demonstrate prejudice that is "severe enough to render the revocation hearing inadequate in terms of relief"); Gaddy v. Michael, 519 F.2d 669, 673 (4th Cir. 1975) (mere lapse of time or delay, without more, does not violate the due process of a parolee), cert. denied, 429 U.S. 998 (1976).[4] Because the petitioner

---

[4] For most purposes, supervised release is the functional equivalent of parole and therefore cases interpreting parole are fully applicable to cases involving supervised release. See, e.g., United States v. Jackson, 180 Fed.Appx. 856, 860 (11th Cir. 2006) (courts treat revocations the

has not demonstrated the requisite prejudice and because his probable cause and revocation

hearings have been held, at which he was represented by counsel and had an extensive

opportunity to cross-examine the complainant, his claim regarding delay must be summarily

denied.

## II.    THE COMMISSION IS NOT BOUND BY THE DISMISSAL OF A CRIMINAL CASE

There is no merit to the petitioner's claim that the Commission can not consider the

assault on August 27, 2006 because the underlying criminal case was dismissed.[5] To the contrary,

it is well established that the Commission is not bound by the dismissal of a criminal case.

The U.S. Parole Commission's regulations permit the Commission to consider federal,

state, or local convictions to determine whether there has been new criminal conduct committed

by a parolee, or the Commission may make an independent finding at a revocation hearing.  See

28 C.F. R. § 2.21(a)(2).[6]  Because of the differences in the burdens of proof required for a

_____

same whether they involve probation, parole, or supervised release); Jones v. United States, 669
A.2d 724, 727 (D.C. 1995) ("A supervised release revocation hearing is the functional equivalent
of a probation or parole revocation hearing."); United States v. Frazier, 26 F.3d 110, 113-14
(11th Cir.  1994) (no significant conceptual difference between revocation of probation or parole
and revocation of supervised release concerning the applicability of rules of evidence); United
States v. Blackshear, 1993 WL 288297, *5 (6th Cir.  July 29, 1993) (no underlying difference
between probation revocation hearing and supervised release revocation hearings for purposes of
applying the exclusionary rule), cert. denied, 510 U.S. 1076 (1994); United States v. Paskow, 11
F.3d 873, 878 (9th Cir. 1993) (for purposes of ex post facto analysis, there is no difference
between parole and supervised release).

[5]The petitioner states that this criminal case was dismissed ("no papered") on November
2, 2006.

[6]28 C.F.R. § 2.21 has been incorporated into the regulations pertaining to supervised
release violators by 28 C.F.R. § 2.218.
Neither 18 U.S.C. § 4207 nor 28 C.F.R. § 2.19 limit the Commission's ability to review
information as contemplated by the petitioner. Both afford the Commission the opportunity to

criminal trial and a revocation proceeding, an acquittal in a criminal proceeding is not a bar to consideration of alleged crimes at a revocation proceeding, in which the preponderance of the evidence standard is used. See Crawford v. Barry, 1996 WL 734096, *1 (D.C. Cir. Nov. 8, 1996) ("the Constitution does not prevent the Parole Board from considering a criminal act even if the parolee is not found guilty"); Dowling v. United States, 493 U.S. 342, 349 (1990) (acquittal does not preclude the possibility that a factfinder could determine, by a preponderance of the evidence, that the offender was involved in the alleged criminal conduct); Maddox v. Elzie, 238 F.3d 437, 447 (D.C. Cir.) (upholding revocation of parole by D.C. Board of Parole, following parolee's acquittal on criminal charges, based on evidence presented by U.S. Attorney's Office), cert. denied, 534 U.S. 836 (2001); Johnson v. United States., 763 A.2d 707, 711 (D.C. 2000) (upholding revocation of probation after acquittal of underlying offense); Whitehead v. U.S. Parole Commission, 755 F.2d 1536, 1537 (11th Cir. 1985) (even if there had been an acquittal on the criminal charge, the conduct can still be the basis of parole revocation); Billiteri v. United States Board of Parole, 541 F.2d 938, 944 (2nd Cir. 1976) (function of Parole Commission found to be analogous to that of sentencing judge who is permitted to consider charges for which the defendant was acquitted).

If the Commission may consider acquitted charges in its determination, a fortiori a charge that has been dismissed before going to trial may be considered by the Commission to determine whether the supervised releasee has committed new criminal conduct while on supervised release. See Barnes v. D.C. Board of Parole, 759 A.2d 1073, 1075 (D.C. 2000) (even though criminal charge was dismissed, it was permissible for the Parole Board to consider the evidence

---

consider any relevant information.

underlying the charge);  Maddox v. U.S. Parole Commission, 821 F.2d 997, 999 (5th Cir. 1987)

(Commission may consider uncharged criminal conduct); Bowen v. U.S. Parole Commission,

805 F.2d 885, 888 (9th Cir. 1986) (Commission may consider unadjudicated allegations in

determining offense severity rating); Mullen v. U. S.Parole Commission, 756 F.2d 74, 75 (8th

Cir. 1985) (the prosecutor's conclusion that the evidence was insufficient to prove a criminal

charge had no bearing on Commission's consideration of the charge as a parole violation); Rose

v. Bledsoe, 2005 WL 2372156, *4 (W.D. Va. September 23, 2005) (Commission entitled "to

make its own independent findings of criminal conduct;" Commission may consider conduct

underlying dismissed charges); Hurt v. Holencik, 2005 WL 1653175, *6 (M.D. Pa. July 6, 2005)

("Commission can rely on evidence supporting a criminal charge even if that charge has been

dismissed"); U.S. ex rel. Carrasquillo v. Thomas, 527 F.Supp. 1105, 1109-10 (S.D.N.Y. 1981)

(dismissal of criminal charges does not bar a federal parole revocation on the same evidence),

aff'd, 677 F.2d 225 (2nd Cir. 1982).  Thus, the Commission is not restricted to consider only

criminal convictions, but, rather, can make an independent finding on the underlying criminal

behavior.

## III.    THE COMMISSION HAD A SUFFICIENT BASIS TO REVOKE PETITIONER'S SUPERVISED RELEASE

There is no merit to the petitioner's contention that the Commission did not have

sufficient credible evidence to support the revocation of his supervised release. The petitioner

asserts that he presented evidence in his revocation hearing to establish that Ms. Brown, the

victim, was not a credible witness. However, Ms. Brown testified at the hearing and the examiner

found her to be a credible witness and credited her version of the assault that occurred on August

27, 2006 and the Commission revoked his supervised release based on her testimony.

Judicial review of the sufficiency of the evidence to support a revocation decision has been limited to determining whether the decision was "either totally lacking in evidentiary support or [was] so irrational as to be fundamentally unfair." Singletary v. Reilly, 452 F.3d 868, 872 (D.C. Cir. 2006), citing Duckett v. Quick, 282 F.3d 844, 847 (D.C. Cir. 2002); Ash v. Reilly, 431 F.3d 826, 830 (D.C. Cir. 2005); Crawford v. Jackson, 323 F.3d 123, 129 (D.C. Cir.) (internal citation omitted), cert. denied, 540 U.S. 856 (2003); Briscoe-El v. Gaines, supra, 2006 WL 1726753 at *2; Bethea v. Bureau of Prisons, 2005 WL 3244195, *3 (D.D.C. November 30, 2005); Singletary v. D.C. Board of Parole, 2003 WL 25258497, *3 (D.D.C. Dec. 16, 2003).  In Allston v. Gaines, 158 F.Supp.2d 76, 79 (D.D.C. 2001), the Court held that, on a petition for writ of habeas corpus, judicial review of a Parole Commission's decision to revoke parole is confined to determining whether there is a "rational basis in the record" to support the Commission's conclusions. See also Stanton v. U.S. Parole Commission, 2007 WL 1847993, *3 (D.D.C. June 27, 2007) (judicial review limited to determining if there has been an "abuse of discretion" and whether there is a "rational basis" to support Commission's decision); Stevens v. Quick, 678 A.2d 28, 31 (D.C. 1996) (finding no "abuse of discretion" by Commission); Gambino v. E.W. Morris, 134 F.3d 156, 160 (3rd Cir. 1998) ("the inquiry is only whether there is a rational basis in the record for the [Commission's] conclusions"); Iuteri v. Nardoza, 732 F.2d 32, 37 (2d Cir. 1984) (court's "role is merely to inquire 'whether there is a rational basis in the record for the [Commission's] conclusions embodied in its statement of reasons'") (internal citation omitted). This is a very limited standard of review that precludes the petitioner's present effort to reargue the merits of his case before the Commission.

-11-

A rational basis for revocation is supplied by "some evidence" to support the findings.

See Superintendent, Massachusetts Correction Institution v. Hill, 472 U.S. 445, 456-57 (1985).

In Superintendent v. Hill,  the Supreme Court applied the same standard of review to a prison

disciplinary board finding as the D.C. Circuit applied to  parole revocations in Duckett v. Quick,

supra. The standard is that "a governmental decision resulting in the loss of an important liberty

interest violates due process if the decision is not supported by any evidence." Id. at 455 (citing

Douglas v. Buder, 412 U.S.430, 432 (1973)). In the Supreme Court's formulation, if  "some

evidence" supports the decision, then due process has not been violated. This standard of review

does not require "examination of the entire record, independent assessment of the credibility of

the witnesses, or weighing of the evidence" in support of the challenged administrative decision.

Id.  A "modicum of evidence," direct or circumstantial,  will suffice:

> The Federal Constitution does not require evidence that logically precludes any
> conclusion but the one reached by the disciplinary board. Instead, due process in this
> context requires only that there be some evidence to support the findings made in the
> disciplinary hearing. Although the evidence in this case might be characterized as meager,
> and there was no direct evidence identifying any one of three inmates as the assailant, the
> record is not so devoid of evidence that the findings of the disciplinary board were
> without support or otherwise arbitrary.

Id. at 457.

Hence, the standard of review to be applied to a revocation decision does not,

as the petitioner would have it, allow the Court to reassess the evidence in the record to

determine for itself whether the Commission's decision meets  the preponderance test.  See, e.g.,

Bethea v.Bureau of Prisons, supra, 2005 WL 3244195 at *2 ("it is not the function of the courts

to review the discretion of the Board...or to repass on the credibility of reports and information

received by the Board in making its determinations"); Hanahan v. Luther, 693 F.2d 629, 632 (7[th]

Cir. 1982) ("[t]he inquiry is not whether the [Commission] is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the [Commission's] conclusions embodied in its statement of reasons.") (internal citation omitted), cert. denied, 459 U.S. 1170 (1983). Whether couched in terms of "rational basis" or "some evidence," the Court's inquiry is the same. See Maddox v. U.S. Parole Commission, 821 F.2d 997, 1000 (5th Cir. 1987) ("Although the Commission's decisions must have a factual basis, judicial review is limited to whether there is 'some evidence' in the record to support the Commission's decision"); Kramer v. Jenkins, 803 F.2d 896, 901 (7th Cir. 1986) (discussed the variety of formulations for the "some evidence" test and concluded that: "[a]ll of these are variations on the theme that administrative officials need a little evidence but not necessarily very much, a point the [Supreme] Court [in Superintendent v. Hill, supra] made when saying that the constitutional standard 'does not require examination of the entire record...or weighing of the evidence.").

The testimony of Ms. Brown regarding the petitioner's assault provided the Commission with some evidence and a rational basis for finding that the petitioner had violated the conditions of his supervised release. Thus, the Commission's reliance on the testimony at his revocation hearing was not legally deficient, was not an abuse of discretion, and provided a "rational basis" for the Commission's decision to revoke the petitioner's supervised release based on the violation of his conditions of supervised release.

## CONCLUSION

For the foregoing reasons, the petitioner's petition for a writ of habeas corpus should be summarily denied.

A proposed Order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498-610


   /s/  Robert D. Okun
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 457-078


    /s/ Sherri L. Berthrong
SHERRI L. BERTHRONG
Assistant United States Attorney
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the U.S. Parole Commission's Opposition has been filed electronically with the Court and served by mail upon the petitioner, Ernest Colts, Fed. Reg. No. 32042-007, USP Hazelton, U.S. Penitentiary, P.O.Box 2000, Bruceton Mills, WV 26525, this 24th day of August, 2007.

    /s/ Sherri L. Berthrong
Sherri L. Berthrong
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**ERNEST COLTS,**                                          **:**
    **Petitioner**                              **:**          **Civil Action No. 07-1363(JDB)**
                                               **:**          **Judge John D. Bates**
    **v.**                                     **:**
                                               **:**
**U.S. PAROLE COMMISSION,**                                **:**
    **Respondent**                             **:**

## ORDER

Upon consideration of the Petitioner's <u>Pro Se</u> Petition for a Writ of Habeas Corpus, the

U.S. Parole Commission's Opposition to the Petitioner's Petition for a Writ of Habeas Corpus,

and for the reasons stated in the U.S. Parole Commission's Opposition, it is hereby

**ORDERED** that the show cause order as to the U.S. Parole Commission is discharged,

and that Petitioner's Petition for a Writ of Habeas Corpus is **DENIED**.

**SO ORDERED**, this _____day of _____, 2007.


_____
John D. Bates
U.S. District Court Judge

Copies to:

Ernest Colts
Fed. Reg. No. 32042-007
USP Hazelton
U.S. Penitentiary
P.O. Box 2000
Bruceton Mills, WV 26525


Sherri L. Berthrong
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530

# **EXHIBIT A**

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

PTR-14    B,C

United States of America
District of Columbia

vs.

*Ernest Colts*

Case No.: E-283302
PDID No.: 458-719

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty to the Charge(s) of _____

(B) (C) (Armed Robbery)
(D) (Assault with intent to commit robbery)

and having been found guilty by ☐ Jury ☑ Court, it is hereby **ORDERED** that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby **SENTENCED** to AS TO Counts B,C and D—

① ONE year incarceration. Counts B,C and D to run Consecutive to each other and Consecutive to any other sentence now being served. Def. to receive credit for time served. Thereafter, Five years Supervised release. The court recommends def receive vocational and educational training and drug treatment while incarcerated and on supervised release. The Court recommends def participate in National Economic Development Administrators while on supervised release.

☐ **MANDATORY MINIMUM** term of _____ applies to the sentence imposed

☑ **MANDATORY MINIMUM** term does not apply.

☑ **ORDERED** that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ **ORDERED** that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 903[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ **ORDERED** that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further **ORDERED** that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:
_____
_____

☐ Restitution of $_____ in monthly installments of $_____ beginning
_____ (see reverse side for payment instructions.)

☐ The Court will distribute monies to _____

Costs in the aggregate amount of $ 300. _____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☑ have not been paid.

**ORDERED** that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve the commitment/order for the defendant.

12-23-02
Date

A TRUE COPY
TEST:

Judge

Certification by Clerk pursuant to Criminal Rule 55(c)

12-23-02
Date

Clerk, Superior Court of the District of Columbia

By _____
Deputy Clerk

Deputy Clerk

Form CD(15)-1040/Oct. 01

Exhibit A

**EXHIBIT B**

2-8-17
H

US PAROLE

JAN 3 - 2005

COMMISSION

U.S. Department of Justice
United States Parole Commission

## CERTIFICATE OF SUPERVISED RELEASE
### District of Columbia Offender
### Release Date: 12/16/04

Having determined that **Colts, Ernest**, Register No. **32042-007**, (DCDC No. **286-878**), is to be released to supervised release for a term of **60** months upon release from imprisonment, the United States Parole Commission (the "Commission") ORDERS that the conditions listed in this certificate apply during that term of supervised release.

Given under the hand and the seal of the Commission on November 17, 2004.

UNITED STATES PAROLE COMMISSION

By:     Dawn M. Booze-Hill, Case Services

**Technician**

### ACKNOWLEDGMENT OF CONDITIONS

I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF SUPERVISED RELEASE. I have received a copy of this CERTIFICATE OF SUPERVISED RELEASE. I fully understand the conditions that have been imposed upon me and know that if I violate any of those conditions I may be sent back to prison.

### CONSENT TO DISCLOSURE OF DRUG/ALCOHOL TREATMENT INFORMATION

By signing this CERTIFICATE OF SUPERVISED RELEASE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of the term of supervised release.

Ernest Coates                    32042-007
_____    _____
Name                             Reg. No.

Witnessed: Aetishia Dasher, CSO    12/20/2004
_____    _____
Name and Title                   Date

The above-named person was released on the ___20___ day of __December 20__, 20_04_

_____
Official Certifying Release

# EXHIBIT B

## GENERAL CONDITIONS

1. A. You must go directly to Washington, D.C. and appear in person at the Intake Office of the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA), 300 Indiana Avenue, N.W., Washington, D.C. 20001. If you are unable to appear in person at that office within three days of release, you must appear in person at the United States Probation Office nearest to you and follow the instructions of the duty officer.

   B. If you are not released to the community after your parole, you must follow the instructions in 1.A. above when you are released to the community.

2. You must not leave the Washington, D.C. metropolitan area without the written permission of the officer supervising you. The Washington, D.C. metropolitan area consists of the District of Columbia, Prince Georges and Montgomery Counties in Maryland, Arlington and Fairfax Counties in Virginia, and the Cities of Alexandria, Fairfax, and Falls Church in Virginia. For the purpose of applying all conditions of release, "the officer supervising you" includes any supervision officer assisting, substituting for, or acting on behalf of the officer assigned to your supervision.

3. You must, between the first and third day of each month, make a written report to the officer supervising you. In addition, you must meet with the officer supervising you at such times and in such a manner as that officer directs, and provide such information as that officer requests. All information that you provide to the officer supervising you must be complete and truthful.

4. You must notify the officer supervising you within two days of (A) an arrest or questioning by a law-enforcement officer, (B) a change in your residence, or (C) a change in your employment.

5. You must permit the officer supervising you to visit your place of residence and your place of business or employment.

6. You must permit the officer supervising you to confiscate any material that officer believes may be contraband and that is in plain view in your possession, including in your residence, place of business or employment, and vehicle.

7. You must submit to a drug or alcohol test whenever ordered to do so by the officer supervising you.

8. You must not violate any law and must not associate with someone else who is violating any law.

9. You must not possess a dangerous weapon, which includes ammunition.

10. You must not drink alcohol to excess and must not illegally use or possess a controlled substance. You must not frequent a place where you know a controlled substance is illegally used or distributed.

11. You must not associate with a person who has a criminal record without permission from the officer supervising you.

12. You must not enter into an agreement to act as an informant or undercover agent for a law-enforcement agency without permission from the Commission.

13. You must make a diligent effort to work regularly, unless excused by the officer supervising you, and to support any legal dependent.

14. You must make a diligent effort to satisfy any fine, restitution order, court costs or assessment, or child-support or alimony payment to which you are subject. You must provide financial information relevant to the payment of such a financial obligation that is requested by the officer supervising you. If you are unable to pay such a financial obligation in one sum, you must cooperate with the officer supervising you to establish an installment-payment schedule.

15. If your term of supervised release was imposed because of a conviction for a domestic-violence crime, and that conviction is your first conviction for such a crime, you must, as directed by the officer supervising you, attend an approved offender-rehabilitation program if such a program is readily available within a 50-mile radius of your residence.

16. If you are required by law to report and register as a sex-offender, you must comply with that law.

17. You must provide a DNA sample if the officer supervising you determines that collection of such sample is required by law.

18. You must participate in an Employment Readiness Program if so directed by the officer supervising you.

19. If you are being supervised by CSOSA, you must submit to the sanctions imposed by the officer supervising you within the limits established by an approved schedule of graduated sanctions.

20. If so directed by the officer supervising you, you must notify a person of your criminal history or characteristics to inform that person of a risk of harm.



**SPECIAL CONDITIONS**

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

In addition, you shall participate in and complete anger management counseling as directed by your Supervision Officer.

**EXHIBIT C**

**U.S. DEPARTMENT OF JUSTICE**          **WARRANT APPLICATION**
**UNITED STATES PAROLE COMMISSION**          **D.C. Code Offender**

---

Name.............................. COLTS, Ernest

Reg. No........................... 32042-007
DCDC No...................... 286-878
FBI No........................... 707 022 DB0
Birth Date ......................
Race .............................. Black

Date......................................... **February 17, 2005**
Termination of Supervision ... **December 15, 2009**
Violation Date .......................... **January 6, 2005**
Released ........................ December 16, 2004

Sentence Length............ **3 years, 5 years supervised release**
Original Offense............ **Armed Robbery (2), Assault With Intent to Rob,**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

## CHARGES:

**Charge No. 1 - Law Violation - Assault.** On 1-6-05, the releasee assaulted the victim by grabbing her and slamming her head into the car, elbowing her in the jaw and keened her in the stomach. The releasee was arrested by the DC Police for the above-cited offense on the same date. This charge is based on the information contained in the violation report dated 1-10-05 from supervising officer Artishia Dasher and a police report dated 1-10-05. Status of Custody/Criminal Proceedings: The case was no papered.
**I ADMIT [   ] or DENY [   ] this charge.**

---

**COLTS, Ernest**
Reg. No. 32042-007    DCDC No. 286-878

**EXHIBIT** C

**Probable Cause Hearing Is Required**

**Warrant Recommended By:**

Warrant Issued.................... **February 17, 2005**

**Marc Bransky, Deputy Case Services Administrator**
**U.S. Parole Commission**

Community Supervision Office Requesting Warrant:  **General Supervision Unit I-Team 30, 1230 Taylor Street**

**COLTS,  Ernest**
**Reg. No. 32042-007    DCDC No. 286-878**

**EXHIBIT D**

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, COLTS, Ernest, Reg. No. 32042-007, DCDC No. 286-878, was sentenced to a term of supervised release by the Superior Court of the District of Columbia or the United States District Court for the crime of Armed Robbery (2), Assault With Intent to Rob, and began serving that term of supervised release on December 16, 2004;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on February 17, 2005

_U.S. Parole Commissioner_

**EXHIBIT** A

---

**COLTS, Ernest**
**Reg. No. 32042-007    DCDC No. 286-878**

**WARRANT For Return Of Prisoner Released To Supervision**

Name:  **COLTS, Ernest**                    Institution:  D.C. CCM
Reg. No. 32042-007                          DCDC No.  **286-878**

**UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION**

NOTE:  Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

District of _C__ _ _ _ _ _ _ _ _ _ _ _ _ _ _ ss:

Received this writ the _22_ day of _Feb_ , 20_05_ , and executed same by arresting the
within-named _Ernest Colts_
this _3rd_ day of _March_ , 20_05_ ,
at _2pm_ and committing him to _DC- Jail_

_____
_Shane Walsh_
U.S. Marshal

_____
_Shawn Esklldino_
Deputy Marshal

Further executed same by committing him to _____
at _____ on _____ , 20_____ , the institution
designated by the Attorney General, with the copy of the warrant and warrant application.

_____
U.S. Marshal

_____
Deputy Marshal

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

**ACKNOWLEDGEMENT OF SERVICE:**

I have received a copy of the warrant application dated _____   _2- 17. 05_

_____           _3- 3-05_
Prisoner's Signature                          Date

*(If prisoner refuses to sign, Marshal should so indicate.)*

COLTS, Ernest
.eg. No. 32042-007    DCDC No. 286-87.

**EXHIBIT E**

# HEARING SUMMARY

**Name: Colts, Ernest**                                            **Reg No: 32042-007**

## Hearing Parameters

Hearing Type ................................: **Revocation (Local)**

Hearing Date ................................: 5/5/05

Examiner......................................: Sandra G. Hylton

Institution ....................................: D.C.-Correctional Treatment Facility

Second Designation .....................: N/A

## Sentence Parameters

Sentence Type..............................: **SRAA**

GL Credit for Mos in Custody Prior to Warrant Execution        : 0

Original Authorized Term of Supervised Release ...........................: 60

Maximum Authorized New Term of Imprisonment........................: 60

Total of New Terms of Imprisonment Previously Imposed ...........: 0

Remaining Term of Supervised Release.........................................: 60

Remaining Maximum New Term of Imprisonment ........................: 60

## Warrant Parameters

Supervision ...................................: **Supervised Release**

Revoking District & Office..........: CSOSA

Warrant Execution Date...............: 3/3/05

Probable Cause Date....................: 3/8/05

**Additional text regarding the above parameters:**  None

---

**Prior Action:** N/A

**Counsel:** Mona Asiner, Public Defender Service, Washington, DC.

**Witnesses:** Community Supervision Officer (hereinafter referred to as CSO), Artishia Dasher, the victim, Annie Brown, and Police Officer B. Cover. It should be noted that Barbara Aghanya was subpoenaed but did not appear. Reasons for her not appearing were unknown.

**Procedural Considerations:** The subject, via his attorney, stated that he was concerned that he would not receive a fair hearing because this Examiner was the Examiner who conducted the Probable Cause Hearing on March 8, 2005. He felt the Examiner did not believe his account of the events on that date and refused to

**Colts, Ernest, Reg. No. 32042-007**        **Page 1 of 4**    **EXHIBIT** E

release him on the Summons and made a probable cause finding. He felt the Examiner had already made up her mind regarding this hearing. This Examiner explained to him the process for probable cause and that was a low level finding, which resulted in enough information received to go forward with a Revocation Hearing. This Examiner explained to him that at the Probable Cause Hearing, the Examiner does not have available all the information that would be considered at a Revocation Hearing and that the Revocation Hearing is the place where evidence is presented in support of or in defense of an alleged violation. After this explanation, the subject stated that he was satisfied with the explanation and ready to go forward at this time.

## Charges:

### Charge No. 1 - Law Violation - Assault

**Evidence Presented:** The subject denied the above charge. The subject states that he and his girlfriend, or his baby's mother, "got into an argument and that she pushed him off the bike and smacked him after she heard that he allegedly gave one of her friends his phone number and was in contact with her". Because the victim, Miss Annie Brown, was jealous and upset, she apparently confronted the subject and witnesses in the community apparently called the police who arrived on the scene after their confrontation and he was arrested without incident. The subject states that there was no way that he would hit the child of his mother because she has some medical problems, specifically stomach cancer and that she has cysts.

Under sworn testimony, Miss Brown stated that she indeed had a confrontation with the subject and that she was mad because one of her friends told her that the subject had been calling her. She stated she decided that they were going to resolve the issue right then and there and that she saw him in the neighborhood on the bike and pushed him off the bike. She stated that more words exchanged and between the two of them and that she smacked him. She stated at no time did the subject hit her, punch her or kick her. She stated she did not call the police but someone else in the community called the police. She further stated that after the police arrived and left, she began arguing with the subject again and told him that they would just settle things right then and there. She stated that the subject stated he was going to break up with her and she became upset and followed him to his house. It should be noted that Miss Brown's version of this story went on and on and she spoke in a very low voice and often was asked to increase her tone so that she could be heard. It should also be noted that the victim talked in a very fast manner and sometimes some of her words may have been missed regarding this event.

Sworn testimony provided by Officer Cover, Fourth District, Northwest, Washington, DC, revealed that he was called to the scene on Missouri Avenue after a complaint of an Assault taking place. He stated he went to the subject's house where he was arrested. An ambulance was called to the scene because he said the victim was complaining of pain; however, she denied treatment. Again, he stated the 911 call was made by other citizens and that he does recognize the subject as being a person who was arrested for this charge. Officer Cover stated he had no knowledge of the subject before that day and that the subject was not under the influence of anything and he was not belligerent during the arrest. He reported that the victim, Miss Brown, claimed she had been slammed against a car; however, there was no damage to the car and he could not detect any physical signs of abuse on the victim, Miss Brown.

CSO Dasher, under sworn testimony, stated that the subject was in compliance up until his rearrest. She stated he had been in the community less than 30 days and he had reported as required and that he reported the arrest immediately to her. She stated he was placed on increased supervision due to the rearrest and that the subject was normally quiet and kind of reserved.



The subject stated additionally that, "I am not a trouble person and this is just one of those things that happened." He stated he was working with the Department of Works and he was also cleaning offices as a part time job.

**Findings of Fact:** This Examiner makes no finding concerning the above charge.

**Basis:** There is insufficient evidence to make a finding on the above charge.

The victim testified that she was the one who accosted the subject and made the threats and that she slapped him and then she pushed him off the bike. This supports the subject's version of the offense. Miss Brown stated that she was very upset and just jealous that she thought the subject was being involved with someone else. She stated that in the past, they have had arguments before. The testimony of the officer was that he simply made an arrest and he did not witness the alleged assault.

**Discipline:** None

**Release Plans:** The subject plans to live with his mother, Gail Colts (Coates), 516 Missouri Avenue, Washington, DC.

**Guideline Parameters**

**Severity Justification:**    Category 1
**Salient Factor Score:**    4

**Re-parole Guideline Range:**. 12-16 months
**Disciplinary Guideline Range:**...................0
**Total Guideline Range:**......... 12-16 months

**Evaluation:** The subject was released to supervised release on December 16, 2004 and within one month of his release, he was arrested on the charge. According to the CSO, the subject was in full compliance of his conditions of release and was employed and had a stable residence. The subject's prior conviction was for Armed Robbery and Assault With Intent to Commit Robbery, which occurred in 2001.

The subject admitted that he and Miss Brown has argued but never has he hit her. Also, the victim testified that he had never hit her. This appears to be a case of domestic/jealously issue problems between the subject and his girlfriend, which is also the mother of his children. The subject's guidelines are 12-16 months but as a supervised releasee, he could serve up to 60 months of a new period of incarceration followed by 60 months of supervised release. However, the information provided does not support a finding of violation.

**Recommendation:** No finding of violation. Reinstate to Supervision. Withdraw the Warrant dated February 17, 2005. The United States Marshals Service is requested to return the Warrant to the Commission as soon as possible.

**Conditions:** Special Drug Aftercare.

**Statutory Interim Hearing:** N/A

**Guideline Use:** Not Applicable.

**Additional Text:** N/A

**I certify that I have reviewed this hearing summary.**

*Sandra G. Hylton*

Sandra G. Hylton, Hearing Examiner

**Executive Reviewer's Comments:**

SGH/SDS
May 13, 2005

**Colts, Ernest, Reg. No. 32042-007**                 **Page 4 of 4**

**EXHIBIT F**

U.S. Department of Justice                                      **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: COLTS, Ernest                              Institution: D.C.-CTF
AKA: COATES, Ernest
Register Number: 32042-007
DCDC No: 286-878                                 Date:        May 20, 2005

---

As a result of the hearing conducted on May 5, 2005, the following action was ordered:

### SRAA DC Local Revocation:

The result of your hearing on May 5, 2005 is that there is no finding of violation.   Reinstate to
supervision.   Release from custody of the warrant dated February 17, 2005.

You shall report to your Supervision Officer within 72 hours of your release.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies
may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:     CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C. 20001

        D.C.-Federal Billing Unit
        D.C. Department of Corrections
        Washington, D.C. 20003

        M. Asinor
        Public Defender Service
        District of Columbia
        Special Proceedings Division
        633 Indiana Avenue, N.W.
        Washington, D.C. 20004

        U.S. Marshals Service
        District of Columbia - District Court
        333 Constitution Ave, N.W., Room 1400
        Washington, D.C. 20001
        Warrants - Attn: Sean McLeod

---

EXHIBIT F

**EXHIBIT G**



**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
D.C. Code Offender

---

Name.............................. **Colts, Ernest**

| | |
|---|---|
| Reg. No......................... **32042-007** | Date.......................................... **February 22, 2007** |
| DCDC No. ...................... **286-878** | Termination of Supervision ..... **December 15, 2009** |
| FBI No ........................... **707022DB0** | Violation Date ........................... **August 27, 2006** |
| Birth Date ..................... ███████ | Released................................. **December 16, 2004** |
| Race ............................... **Black** | |

Sentence Length............ **3 years; 5 years supervised release**
Original Offense ........... **Armed Robbery; Assault with Intent to Rob**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired. ·

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**

**Charge No. 1 - Law Violation. Assault.** On 8-27-06, the releasee punched the victim in the chest and upper body area multiple times with a closed fist. The victim was granted an Order for Civil Protection. The releasee was arrested by the Metropolitan Police Department for the above-cited offense on 10-12-06. This charge is based on the information contained in the violation report dated 11-6-06 from supervising officer Tiffany Wright and a police report dated 10-12-06. Status of Custody/Criminal Proceedings: There is no avaialbe information in PRISM regarding the charge.
**I ADMIT [   ] or DENY [   ] this charge.**

**EXHIBIT** G

Colts, Ernest
Reg. No. 32042-007   DCDC No. 286-878



**Charge No. 2 - Law Violation. Assault.** On 10-9-06, the releasee struck the victim in the chest with a closed fist. He struck the victim a second time in the chest with a closed fist causing her to fall on the ground. Then he pulled the victim's hair causing her to fall on the ground, grabbed her by the neck and began choking her. The victim was granted an order for Civil Protection. The releasee was arrested by the Metropolitan Police Department for the above-cited offense on 10-12-06. This charge is based on the information contained in the violation report dated 11-6-06 from supervising officer Tiffany Wright and a police report dated 10-12-06. Status of Custody/Criminal Proceedings: There is no available information in PRISM regarding the charge.

**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 3 - Law Violation. Violation of an Order for Civil Protection.** On 10-12-06, the releasee was arrested by the Metropolitan Police Department for the above-cited offense on. This charge is based on the information contained in the violation report dated 11-6-06 from supervising officer Tiffany Wright and a police report dated 10-12-06. Status of Custody/Criminal Proceedings: There is no available information in PRISM regarding the charge.

**I ADMIT [   ] or DENY [   ] this charge.**

**Probable Cause Hearing Is  Required**                    Warrant Recommended By:

Warrant Issued................... **February 22, 2007**        **Rhonda A. Shelton, Case Analyst**
                                                              **U.S. Parole Commission**

Community Supervision Office Requesting Warrant:  **General Supervision Unit X-Team 21, 1230 Taylor Street**

# EXHIBIT H

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Colts, Ernest, Reg. No. 32042-007, DCDC No. 286-878, was sentenced to a term of supervised release by the Superior Court of the District of Columbia or the United States District Court for the crime of Armed Robbery; Assault with Intent to Rob and began serving that term of supervised release on December 16, 2004;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on February 22, 2007

U.S. Parole Commissioner

**EXHIBIT** H

**Colts, Ernest**
**Reg. No. 32042-007     DCDC No. 286-878**

**WARRANT For Return Of Prisoner Released To Supervision**

Name:  **Colts, Ernest**                                    Institution:
Reg. No. 32042-007                                         DCDC No.  **286-878**

## UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE:  Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission.  (See instructions on accompanying memorandum.)

_____ District of _____ _COL_ _____ ss:

Received this writ the ___ _5TH_ ___ day of ___ _MARCh_ ___, 20 _07_, and executed same by arresting the

within-named ___ _ERNeST CUITS_ ___ and committing him to

this ___ _5TH_ ___ day of ___ _MARch_ ___ _____ 20 _07_,

at ___ _9PM_ ___ and committing him to ___ _DC JAIL_ ___

_George Walsh_

_U.S. Marshal_

_Barry Borkshar_

_Deputy Marshal_

Further executed same by committing him to _____

at _____ on _____, 20_____, the institution

designated by the Attorney General, with the copy of the warrant and warrant application.

_____

_U.S. Marshal_

_____

_Deputy Marshal_

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland  20815.

## ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated ___ _FeB 22, 2017_ ___

_____ _MAR 26, 2007_ _____

_Prisoner's Signature_                          _Date_

_____

**Colts, Ernest**
eg. No. 32042-007    DCDC No. 286-87

MAY 17 2007 11:08 FR U S MARSHALS SERVICE 2028811998 TO 9312

**EXHIBIT I**

# D.C. PROBABLE CAUSE HEARING DIGEST

*( 3.21 07 )*

Name...........................: **Colts, Ernest**

Reg. No.........................: **32042-007**

Type of Release............: **Supervised Release**

Full Term Date When Warrant Issued..: **December 15, 2009**

Date Warrant Executed.: **3-26-07**

Hearing Date.........: **5-22-07**

Examiner................: *McLean*

Supervision Officer: **Tiffany Wright**

## Attorney at Probable Cause Hearing:

[✓] PDS    [ ] Other    [ ] None    *Colleen McCrystal (Esr)*

Name _____ *Asiner* _____

Address _____

Phone _____

## Attorney Representing Subject at Revocation Hearing:

[X] PDS    [ ] Other    [ ] Unknown

Name _____ *same Mona Asiner* _____

Address _____ *PDS/DC* _____

Phone _____

## I. Items Advised *(Check that the subject has been advised of the following two rights):*

[✓] Advised of Right to a Probable Cause Hearing    [✓] Advised of Right to Attorney

## II. Reason For Not Conducting Probable Cause Hearing

*{If Probable Cause Hearing not conducted, indicate the reason}:*

[X] Postponed to Next Docket *{If so, provide reason for postponement and omit rest of form.}*

   [X] At Request of Attorney/Prisoner    [ ] Prisoner Unavailable

   [ ] Other Reason: _____ *Wants a witness (alleged victim)* _____

[ ] Combined Probable Cause/Revocation Scheduled *{If so, skip to VI, Revocation Hearing.}*

**Colts, Ernest**
**Reg. No. 32042-007    DCDC No. 286-878**

**EXHIBIT I**

## III. Review of Charges:

**Charge No. 1 - Law Violation. Assault.**

[  ] ADMITS          [X] DENIES

The Subject's Response:

attorney Asian says this same victim claimed to have been assaulted earlier. At the revocation hearing she Admitted she makes things up.

[X] **Probable Cause Found.** After considering the violation report dated 11-6-06, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

[  ] **No Probable Cause Found**

**Charge No. 2 - Law Violation. Assault.**

[  ] ADMITS          [X] DENIES

The Subject's Response:

[  ] **Probable Cause Found.** After considering the violation report dated 11-6-06, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 2. Additional reasons for probable cause finding:

[  ] **No Probable Cause Found**

**Charge No. 3 - Law Violation.  Violation of an Order for Civil Protection.**

[  ] **ADMITS**          [ X ] **DENIES**

The Subject's Response:

[  ] **Probable Cause Found.**  After considering the violation report dated 11-6-06, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 3. Additional reasons for probable cause finding:

[ X ] **No Probable Cause Found**

## IV.  Additional Charges:

**Colts,  Ernest**
**Reg. No. 32042-007    DCDC No. 286-878**

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing     [   ] Approved at PC Hearing     [   ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing     [   ] Approved at PC Hearing     [   ] Pending Further Review

Reason for Denial:_____

_____

_____

## VIII.  Adverse Witnesses Identified by Examiner But Not Requested by Subject:

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____

**Colts,  Ernest**
**Reg. No. 32042-007    DCDC No. 286-878**

## V. Outcome of Probable Cause Hearing:

[ X ] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[ ] **No Probable Cause Found** for any charge.  **Discharge from Custody** immediately and

[ ] **Reinstate** to Supervision  or  [ ] **Close Case** *[If expiration date has passed]*

[ ] **Probable Cause Found** on one or more charges.  Recommend **Reinstate to Supervision** and

[ ] **Summon** to revocation hearing or [ ] **Terminate** revocation proceedings

Reason for Release/Summons:_____

_____

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject:  This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form).  Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name:  Tiffany Wright
**Status:**____**Approved**          _____**Not Approved**          _____**Pending Further Review**

Victim
Referencing Charges 1 and 2 Name:  Annie Brown 609 Hamilton Street NW Washington, DC  20011
**Status:**____**Approved**          _____**Not Approved**          _____**Pending Further Review**

Police Officer
Referencing Charge 3 Name: Derrick Potts MPD Badge # 1302
**Status:**_____**Approved**          ____**Not Approved**          _____**Pending Further Review**

## VII. Adverse Witnesses Requested by Subject:

Name:_____

Address:_____

Phone No._____

Status: [ ] Denied at PC Hearing     [ ] Approved at PC Hearing     [ ] Pending Further Review

5-23-07 PM

## IX. Revocation Hearing:

[ ] Local Revocation **or**    [ ] Combined Probable Cause/Local Revocation on:

Location: [ ] CTF  [ ] DC Jail  Date: 6/6/07    Time: [ ] am  [ ] pm

[ ] Other at _____

_____

[ ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note: A continuance must be requested in writing. You may submit your requests via e-mail. E-Mail Address: continue.hearing@usdoj.gov**

_____          _____
Attorney/Prisoner                                                          Date

_____

*Additional Text:*

_W. McLean_                                                          5/22/07
_____          _____
Examiner                                                                   Date

**Disclosure Documents:** Warrant dated 2-22-07, Warrant Application dated 2-22-07, Violation Report dated 11-6 and fax dated 12-12-06 with attachments, Supervised Release Certificate dated 12-20-04, Pre-Sentence Report

**I acknowledge having received the above disclosure documents and a copy of this document.**

_____          5/22/07
Attorney/Prisoner                                                      Date

**Colts, Ernest**
**Reg. No. 32042-007    DCDC No. 286-878**

U.S. DEPARTMENT OF JUSTICE
United States Parole Commission
Chevy Chase, MD 20815

Probable Cause and Revocation
Hearing Form for D.C. Code Parolees or Releasees
Arrested in the District of Columbia

# PART ONE

*Instructions:* This part is to be completed at the initial visit of the hearing examiner following the arrest of an alleged parole, mandatory release, or supervised release violator within the District of Columbia on a warrant issued by the United States Parole Commission. The following explanation of the Commission's procedure and the alleged violator's legal rights must be read and acknowledged by the parolee or releasee, and a copy provided to him.

## Notice of Procedural Rights – Probable Cause Hearing

As an alleged parole, mandatory release, or supervised release violator who has not been convicted of a criminal offense committed while under supervision, you shall be given a probable cause hearing within five days of your arrest on a violator warrant. The purpose of the hearing is to determine whether probable cause exists for the charged violations. At this hearing, each charge on the warrant application will be read to you, and you will be apprised of the information supporting those charges. You will be asked to admit or deny each charge and you may explain or clarify your admission or denial to the hearing examiner.

You may be represented at your probable cause hearing by an attorney. If you cannot pay for the services of an attorney and desire legal assistance, you may request the D.C. Public Defender Service to assign an attorney to represent you at your probable cause hearing. The hearing examiner will furnish you with a request form, and will send it to the Public Defender Service. If you waive representation by an attorney at your probable cause hearing, you may, at the conclusion of the hearing or no later than 15 days prior to a revocation hearing, complete the form to request assignment of an attorney by the Public Defender Service.

You may present the testimony of voluntary witnesses and documentary evidence in defense of the charges against you. If you deny violating the conditions of release and have not been convicted of a crime while on release, you may request the presence of adverse witnesses, *i.e.,* those persons who have given evidence that you violated your conditions of release, and question those witnesses at the hearing, unless good cause is found to deny the appearance of such witnesses.

At the conclusion of the hearing, the examiner will determine whether probable cause exists for the charge(s). If no probable cause is found for all charges, the examiner will order your release from custody on the violator warrant. If probable cause is found for any charge, you will remain in custody and the examiner will set the date for a local revocation hearing if you qualify for such a hearing (as opposed to a revocation hearing at a federal institution). Notwithstanding a finding of probable cause, the hearing examiner may recommend your release pending a revocation hearing or recommend your release because revocation proceedings should be terminated. In such cases, a Parole Commissioner will make the decision on your continued incarceration.

*OPPORTUNITY TO REQUEST POSTPONEMENT OF PROBABLE CAUSE HEARING.* The probable cause hearing will be held at this time unless you request postponement of the hearing in order to request representation by an attorney and/or the appearance of a witness. If you desire the presence of a voluntary witness at the probable cause hearing (or a

subsequent revocation hearing), you are responsible for the attendance of the witness at the appropriate time and place. When a hearing is postponed to obtain witnesses, the Commission usually orders a combined probable cause and local revocation hearing.

I have read (*or had read to me*) the above explanation of the Commission's probable cause procedure, and I fully understand my legal rights under that procedure. (*Initial one of the choices below:*)

(A) (       ) I WISH TO PROCEED WITH MY PROBABLE CAUSE HEARING AT THIS TIME.

(B) (       ) I REQUEST A POSTPONEMENT OF MY PROBABLE CAUSE HEARING IN ORDER TO OBTAIN AN ATTORNEY AND/OR WITNESS(ES).

| | |
|---|---|
| **(Signature of Parolee or Releasee)** | 5/22/07 **(Date)** |

# PART TWO

*Instructions:* This part is to be completed at the conclusion of the probable cause hearing. The explanation below must be read and acknowledged by the alleged violator, and a copy provided to him.

## Notice of Procedural Rights – Revocation Hearing

*OPPORTUNITY TO REQUEST A LOCAL OR INSTITUTIONAL REVOCATION HEARING.* The Commission will order an institutional revocation hearing unless you request, by completing this form, a local revocation hearing. An institutional revocation hearing may be held in the District of Columbia or in any federal prison to which you are transferred following the finding of probable cause. The Commission will grant a request for a local revocation hearing if both of the following conditions are met: (a) you were not convicted of an offense while under supervision, and (b) you deny all of the charges against you. In other cases, the Commission will only order a local revocation hearing if it finds good cause to do so.

In support of any request for a local revocation hearing, you should indicate any witnesses you plan to present at the revocation hearing and any adverse witnesses you wish to appear. Such adverse witnesses will be presented unless good cause is found to deny your request for their appearance. In addition, you may, prior to a local revocation hearing, request that the Commission require the attendance under subpoena of favorable witnesses who have refused to appear voluntarily. Such request will be granted provided you are able to show that the appearance of such favorable witnesses is necessary to the proper disposition of your case, and that their testimony cannot be obtained by other means. If the Commission orders an institutional revocation hearing, this will not alter your right to be represented by an attorney, or to present voluntary witnesses or documentary evidence. However, the Commission will not request the presence of adverse or other witnesses at an institutional revocation hearing.

If the Commission orders a ⬤l revocation hearing, such hearing ⬤ be held within sixty days of the probable cause finding. If the Commission orders an institutional revocation hearing, such hearing will be held within ninety days of the date you were retaken on the Commission's warrant. If you request postponements of revocation proceedings or take actions which delay such proceedings, these time limits may be extended.

*Initial one of the alternatives below:*

(     ) I REQUEST AN INSTITUTIONAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. I UNDERSTAND THAT I MAY BE TRANSFERRED TO A FEDERAL PRISON IF AN INSTITUTIONAL REVOCATION HEARING IS ORDERED.

(     ) I REQUEST A LOCAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. MY REASONS FOR REQUESTING A LOCAL HEARING ARE AS FOLLOWS:

_____          _____
(Signature of Parolee or Releasee)                (Signature of Hearing Examiner)

_____          _____
5/22/07                                                     5/22/07
(Date)                                                        (Date)

**EXHIBIT J**

## SRAA Local Revocation Prehearing Assessment

Name.........: **COLTS, ERNEST**
Reg Number: **32042-007**
Birth Date...: ████████
DCDC Number: **286-878**

### Prehearing Parameters

Date...................................: 05/29/2007
Examiner.............................: Phyllis R. Baker
Location..............................: CTF (or DC Jail)

### Warrant Parameters

Supervision Type....................: Supervised Release

Supervision District................: General Supervision Unit X-Team 21 1230 Taylor Street

Warrant/Summons..................: Warrant

Warrant Executed..................: 03/21/2007

Probable Cause Found.............: 05/22/2007

Revocation Hearing Deadline.....: 07/20/2007

### Sentence Parameters

GL Credit Prior to Warrant Execution......................................: 0

Maximum Authorized Term of Supervised Release...........: 60

Maximum Authorized New Term of Imprisonment (months).........: 60

Number of Months in custody on previous warrant without revocation: 2

Total of New Terms of Imprisonment Previously Imposed (months)..: 0

Remaining Term of Supervised Release (months).......................: 58

Remaining Maximum New Term of Imprisonment (months)...........: 58
Detainer................................................................: None

**Additional Text regarding the above parameters:** Subject was detained on a previous warrant from 3/3/05 to 5/20/05 (78 days) or 2 months. The DOCUVOR program indicates that as a result of the time in custody, though not revoked, Subject's maximum imprisonment and supervision exposure is 58 months.

**Previous Commission Action:** On 12/23/02, Ernest Colts appeared in the D.C. Superior Court and was sentenced to an aggregate term of 3 years followed by 5 years of supervised release for two counts of Armed Robbery and Assault with Intent to Commit Robbery [F-2833-02]. Details of the offenses revealed on 11/8/01, Colts and an unknown armed white male robbed a cab driver of his vehicle and $150 after the driver picked them up as a fare. On 11/19/01, the Maryland National Capital Park Police stopped Subject {known as Ernest Coates} while operating the reported stolen Ford Crown Victoria and charged him with Unlawful Use of a Vehicle and Taking Property without Right. On 5/1/02, Subject was stopped in the District of Columbia in relation to a disorderly

**EXHIBIT** J

fight. A W.A.L.E.S. check revealed he was wanted in Montgomery County for Failure to Appear in a Criminal matter. Subject was placed under arrest as a fugitive from justice.

Subsequent to arrest, Coates admitted to committing numerous (between 5 and 9) carjacking in D.C. He admitted to his participation in the offense against the cab driver that involved carjacking and robbing the driver of money. Subject identified his coconspirator as "Wallbanger". Additionally, Subject admitted to keeping the cab and confirmed he was driving it when stopped in Maryland on 11/19/01.

**Colts commenced the 5-year supervised release term on 12/20/04 with a full term date of 12/15/09.**

A violator warrant was issued on 2/17/05 for assault. This offense was alleged to have been committed against Annie Brown, Subject's girlfriend. It occurred on 1/6/05, when it was reported that he assaulted her by slamming her head into a car, elbowing her in the jaw and kneeing her in the stomach. The case was no papered. The violator warrant was executed on 3/3/05. A Local Revocation Hearing was conducted on 5/5/05. The victim appeared and testified that at no time did Subject hit, punch or kick her. The victim said that she accosted the Subject. Per Notice of Action (NOA) dated 5/20/05, a no finding of violation was made and Subject was reinstated to supervision.

**Colts released from the violator warrant on 5/20/05 and was reinstated to supervision with the FTD of 12/15/09.**

File documentation shows that Annie Brown filed a Petition and Affidavit for Civil Protection Order {CPO #06CPO3139} on 10/11/06 in the Superior Court for the District of Columbia. The Order identified two assault incidents (8/27/06 & 10/9/06} committed against victim Brown by the Subject.

The current warrant was issued on 2/22/07 charging two assault violations and violation of the civil protection order. The warrant was executed on 3/21/07. The USMS informed the USPC of the executed warrant on 5/17/07. Counsel continued the Probable Cause Hearing from 5/18/07 for appearance of the alleged victim. The Probable Cause Hearing was conducted on 5/22/07. The victim was not present. During the hearing, Subject denied the violations and PDS Attorney Mona Aisner commented that "this same victim (Brown) claimed to have been assaulted earlier....at the time of the revocation hearing, she admitted she makes things up." Probable Cause was found and the Local Revocation Hearing was scheduled for 6/6/07 a.m.

**Violations of Conditions of Release:**

**Charge No. 1 - Law Violation. Assault.**
Violation Behavior:............... On 8-27-06, the releasee punched the victim in the chest and upper body area multiple times with a closed fist. The victim was granted an Order for Civil Protection. The releasee was arrested by the Metropolitan Police Department for the above-cited offense on 10-12-06. This charge is based on the information contained in the violation report dated 11-6-06 from supervising officer Tiffany Wright and a police report dated 10-12-06. Status of Custody/Criminal Proceedings: There is no avaialbe information in PRISM regarding the charge.

**Charge No. 2 - Law Violation. Assault.**
Violation Behavior:............... On 10-9-06, the releasee struck the victim in the chest with a closed fist. He struck the victim a second time in the chest with a closed fist causing her to fall on the ground. Then he pulled the victim's hair causing her to fall on the ground, grabbed her by the neck and began choking her. The victim was granted an order for Civil Protection. The releasee was arrested by the Metropolitan Police Department for the above-cited offense on 10-12-06. This charge is based on the information

contained in the violation report dated 11-6-06 from supervising officer Tiffany Wright and a police report dated 10-12-06. Status of Custody/Criminal Proceedings: There is no available information in PRISM regarding the charge.

**Charge No. 3 - Law Violation.  Violation of an Order for Civil Protection.**
Violation Behavior:............... On 10-12-06, the releasee was arrested by the Metropolitan Police Department for the above-cited offense on. This charge is based on the information contained in the violation report dated 11-6-06 from supervising officer Tiffany Wright and a police report dated 10-12-06. Status of Custody/Criminal Proceedings: There is no available information in PRISM regarding the charge.

**Severity:**  Category Two

**Severity Justification:**  Your violation behavior has been rated Category Two severity because it involved the following Criminal offense(s): simple assault and violation of civil protection order.

## SALIENT FACTOR SCORE  (SFS-98)

SFS Item A =  0    Subject has 4 prior convictions/adjudication.

| Date | Offense | Disposition |
|------|---------|-------------|
| 06/17/1993 | UUV- Driver<br>J211993 WDC | 9/24/93: 2 yrs DHS commitment         (1-1)<br>Commitment extended 90 days on 8/31/95<br>Commitment extended 5 months on 11/21/95 |
| 01/13/1997 | Theft I from Auto<br>F-00387-97, WDC | 6/15/99: Guilty plea, 90 days            (2-2)<br>followed by 6 mths prob.<br>{confirmed via NCIC and PSR} |
| 07/06/2000 | Bail Act Violation<br>M-1450900, WDC | 1/26/01: Time Served                     (3-3)<br>{per JACCS in custody from 12/8/00} |
| 05/07/2002 | Armed Robbery (2 Cts)<br>Assault with Intent to Commit Robbery<br>F-2833-02, WDC<br>{offense date 11/8/01} | 12/23/02: 1 yr. each ct. consec for 3 yrs  (4-4)<br>to run consec. w/any other sentence,<br>followed by 5 yrs SR; Released 12/20/04<br>[detained on warrant from 3/3/05 to 5/20/05]<br>Reinstated to SR term per NOA 5/20/05 |

SFS Item B =  0    Subject has  4  commitments of more than 30 days that were imposed prior to the last overt act of the current offense.

SFS Item C =  2    Subject was  29  years old at the commencement of the current offense and had  4  prior commitments.

SFS Item D =  0    08/27/2006 - Date of Current Offense.
                   12/20/2004 - Release to the Community from last commitment

SFS Item E =  0    Subject is a parole/ supervised release violator.

SFS Item F =  0    Sum of Items A-E = 2  and the offender was 29 years old at the commencement of the
                   current offense.

**Salient Factor Score  =  2**

---

**Rescission Behavior(s) :** The prisoner had no Disciplinary Behavior after the Warrant Execution.

**Re-parole Guidelines (range in months):  16 - 22**

**Rescission Guidelines (range in months):  0 - 0**

**Aggregate Guidelines (range in months):  16 - 22**

**Text to Describe Any Other Behavior or Remaining Issues:**
The Probable Cause digest does not reflect the status of the criminal charges. *NOTE:* Efforts were made to access
*PRISM* records but the data base showed no record connected with DCDC #286878 or PDID #458719.  Reference
is made to the NCIC report that revealed on 11/2/06 "not guilty" for charge of Simple Assault.

The Institutional Case file may clarify whether the criminal charges have been disposed of.

**Evaluation:**
Ernest Colts (Coates), age 29, is before the USPC for his second supervised release revocation hearing.  He
commenced service of the 5-year supervised release term on 12/04.  As a result of an alleged assault, a violator
warrant was issued in 2/05 but the supervised release term was not revoked {NOA dated 5/20/02} because the
victim, Annie Brown, testified that Subject did not assault her as alleged.

Colts was reinstated to supervision per the 5/20/05 NOA.  Pursuant to a Civil Protection Order, Annie Potts
alleged that Subject assaulted her by forcefully hitting her in the chest with a closed fist on 8/27/06 after she told
him that their relationship needed to end.  The victim's mother called the police based on her daughter's screams.
Subject had left the area by the time the police arrived.  Annie Brown proceeded with filing the Civil Protection
Order, which was date stamped by the court on 10/11/06.  On or about 10/9/06, at approximately 10:30 p.m.,
Subject observed the victim in the hallway of a building and told the victim that it was too late for her to be
outside.  She walked away but he grabbed her arm.  When she reminded him that she no longer wanted to be with
him, he forcefully hit her in the chest with a closed fist, twice, causing her to fall to the ground.  When she
attempted to get up, Subject pulled her hair, forcing her back to the ground and proceeded to choke her.  The
victim asked her oldest son to call the police.  The victim talked to a police officer that was passing by but Subject
had already gone.

Subject is back before the USPC for a second time for similar behavior.  The same victim is involved this time as
was previously.  It is clear that a Civil Protection Order has been filed since the last revocation hearing.  This
came about after the victim reported an assault in 8/06.  The victim appeared at the previous hearing and recanted
her story.  Counsel made this known at the probable cause hearing.  If the victim appears and recants again, the

Examiner should consider whether the victim was more truthful at the time the offense occurred, keeping in mind that there were other witnesses: the victim's mother who called the police as a result of the victim's screams and the victim's son who called the police at the direction of the victim. Additionally, the victim talked to police officers each time.

Based on the SFS of 2 and the Offense Severity Category of Two, the reparole guideline range is 16 to 22 months. The maximum exposure is 58 months. The Offense Severity Category allows for an expedited offer. As this is would represent the first revocation, an offer is being made at the bottom of the reparole guideline range.

COLTS, ERNEST 32042-007

Page 5 of 5

**EXHIBIT K**

# HEARING SUMMARY

**Name: Colts, Ernest**                                    Reg No:  32042-007

## Hearing Parameters

Hearing Format ............................: **In Person**

Hearing Type ...............................: **Revocation (Local)**

Hearing Date ...............................: June 6, 2007

Examiner.....................................: Gregory E. Price

Institution....................................: CTF

Second Designation .....................: Unknown

## Sentence Parameters

Sentence Type..............................: **SRAA**

## SRAA Parameters:

Sentence Type...................................: **SRAA**

GL Credit for Mos in Custody Prior to Warrant Execution............: 0

Original Authorized Term of Supervised Release ..........................: 60

Maximum Authorized New Term of Imprisonment.......................: 60

Total of New Terms of Imprisonment Previously Imposed ...........: 2

Months in Custody on Previous Warrant Without Revocation ......: 0

Remaining Term of Supervised Release.........................................: 58

Remaining Maximum New Term of Imprisonment .......................: 58

## Warrant Parameters

Supervision ...................................:  SRAA

Revoking District & Office..........: CSOSA

Warrant Execution Date...............: March 21, 2007

Probable Cause Date ....................: May, 22, 2007

## Additional text regarding the above parameters:

---

**Prior Action:**  Please see SRAA Local Revocation dated 5/29/2007

**Counsel:**  Mona Aisner, PDS, 633 Indiana Avenue, N.W., Washington, D.C.

**Witnesses:**  Annie Brown (victim); Christian Lamy, Investigator, PDS.

**EXHIBIT** K

**Procedural Considerations:** None

**Charges:**

**Charge No. 1 - Law Violation - Assault**

**Evidence Presented:** The subject denied the above charge.

Ms. Annie Brown, the reported victim, was sworn in. She stated that on 8/26/2006 the subject come to her residence on Hamilton Street, N.W. The subject asked her if she had been looking for him. When she said no and left her door, the subject tossed some clothing at her that she had purchased for him. She told him to just give her belongings. They then walked to the subject's apartment. More words were exchanged. Ms. Brown told him to forget it and began walking back to her residence. She stated that subject walked behind her occasionally tossing a bag of clothes at her back. When they reached Ingraham Street, the subject pushed her from behind, causing her to fall on her stomach. Ms. Brown stated that she contacted a policeman and conveyed the details of the assault. The next day, according to Ms. Brown, she went to the precinct to secure a restraining order against the subject. She noted that she and the subject had known each other for 12 years and that they have two children between them. She said the Metropolitan Police Department officer took a statement and then the officer left her to try to find the subject. Ms. Brown brought in her copy of the Civil Protection Order (CPO) initially thinking it was a PD-163. She noted she did not go to a hospital after the assault. She stated she learned the following day that she was pregnant. This Examiner asked the witness if she and the subject ever argued prior to this incident; she stated they argued "all the time." She stated the subject is a controlling person. Further, she said she initially stayed with him out of her love for the subject but lately, it has been because of the children.

The witness underwent a very detailed cross-examination. Attorney Aisner asked if the witness had filed a CPO in August. Ms. Brown stated she had. She asked the witness about her mental health status. Ms. Brown stated she suffers from depression and cancer. Ms. Aisner questioned the witness about a CPO that had been filed AGAINST Ms. Brown as a result of her assaulting the subject and a female friend, Ms. Dupree, and charged of Destruction of Property. As a part of a plea agreement, Ms. Brown was ordered to stay away from the 400 block of Missouri Avenue, N.W. (the home of Ms. Dupree). Upon incessant questioning by the attorney, Ms. Brown acknowledged she had violated her own stay away order. She noted that she and the subject had continued their intimate relationship in spite of the stay away order. Ms. Brown reiterated the details of the assault. Attorney Aisner questioned the witness as to whether she informed the police of the stay away order that had been imposed against her. Ms. Brown responded in the affirmative as well as noted she had no known injuries or discoloration as a result of the assault.

At Attorney Aisner request, a recess was taken. During the break, Ms. Brown blurted out frustrations with the process as well as her sense that the attorney felt no empathy for her situation. She then informed this Examiner that she had been informed by the Data Tech (Ms. Wedlock) that she would not have to testify in the presence of the subject because she was frightened of being in the same room as the subject. Ms. Brown was visible shaken. I contacted the Data Tech. She confirmed that Ms. Brown had requested testifying in the absence of the subject. This information was conveyed to Attorney Aisner. She objected to the witness being allowed to testify with the subject removed from the hearing including making a reference to the manual (Section 2.103). I

overruled her objection pointing out that the protection and the comfort of the witness in this case assumed priority over her wish that the subject be present. The subject was removed from the room while Ms. Brown continued her testimony.

Attorney Aisner continued questioning about the witness' arrest in 2004. Attorney Aisner asked the subject if she had every falsely accused the subject. Ms. Brown denied ever falsely accusing the subject of anything. Attorney Aisner planned to submit a transcript of the subject's previous revocation hearing but her recorder was inoperative.

At this junction, Ms. Brown requested to terminate the hearing. She stated she was fed up with the "grilling" she was faced with the attorney's questioning. A brief recess was taken. Upon resuming the hearing, Ms. Brown felt she would be able to continue the hearing.

Attorney Aisner continued questions surrounding the 2005 hearing her intent being to impeach the testimony of Ms. Brown. Attorney Aisner asked Ms. Brown if she had lied at the subject's 2005 revocation hearing. Ms. Brown acknowledged that she did lie at the hearing but explained that her older son had asked her to make things okay so that his father could get out of prison. Hence, she recanted the charges. Ms. Brown following this explanation asserted that the subject had in fact assaulted her in 2005. Ms. Brown also cancelled the stay away order so that her children could have access to their father. Upon repeated questioning by Attorney Aisner, Ms. Brown pointed out the Judge had informed her that the original stay away order shielded her and her children because one of the children had been molested (by another man) and the other had witnessed the molestation). In order for the children to have contact with their father, the stay away order had to be lifted.

Attorney Aisner had tried to impeach the testimony of Ms. Brown by referencing events that occurred in 2004 and 2005. Ms. Brown has steadfastly provided an accounting of the events resulting in her being assaulted by the subject. I found Ms. Brown's testimony credible. She painted a picture of a very chaotic relationship between her and the subject. They have been involved with each other for a number of years. Many of these filled with arguments and physical confrontations. Ms. Brown impressed this Examiner as a highly dependent woman who may have been abused in her relationship with the subject as well as with other men. She presented as a young, rather immature female beset with both physical concerns as well as mental health concerns. Again, I found her testimony credible.

**Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
**Basis:** The credible testimony of Ms. Brown.

### Charge No. 2 - Law Violation - Assault

**Evidence Presented:** The subject denied the above charge.
Ms. Brown stated on 10/9/2006, two friends of the subject came to her home looking for the subject. She had gone to the home of a friend, Ms. Dupree to lend her some money. Ms. Brown stated that she observed the subject coming through the back entrance to the building. She stated her son saw his father and began calling to him. The subject asked her why she was out that late at night. Ms. Brown stated she nudged her son toward the front entrance to the building. Ms. Brown after several questions from the subject stated she told him they must break up. She also told the subject that she

was pregnant. As Ms. Brown was trying to exit the building the subject abruptly grabbed her by the hair and their son by the arm. She stated the subject struck her several times in her chest causing her to fall back and affecting her breathing. She began screaming. As she screamed, the subject continued choking her.

Ms. Brown stated that her struggles with the subject continued for roughly an hour. Eventually, she was able to get away from him. Her son had gotten free and he reportedly saw a police officer who proceeded to an alley on 5th and Kennedy Street, NE. She told the officer what had transpired. Her son noted his mother was bleeding. The officer asked if she wanted to go to a hospital which she declined. She reported she informed three police officers at different times that evening about the assault (two had written down notes while the 3rd one did not). She also notified Detective Sanders, who had been involved in her getting convicted in 2004. Upon arriving to her residence, her mother convinced Ms. Brown to go to the hospital. She stated she went to Howard University Hospital where she stayed for two days. According to Ms. Brown, she lost her baby. The witness also noted that a woman living in the building had witnessed the assault along with an unknown male who tried talking to subject about leaving the witness alone.

Upon cross-examination, Ms. Brown stated that she lost consciousness for several minutes toward the end of the assault. She noted again that this assault occurred in the 400 block of Missouri Avenue where she had been ordered to stay away from. Ms. Brown stated, however, that on 8/13/2006 Ms. Dupree had requested the stay away order lifted; that is why she felt it was okay for her to go into that area. Attorney Aisner asked the subject why Ms. Brown appeared in court the date the subject was arrested. Ms. Brown stated Detective Sanders had encouraged her to go to the Courthouse in case her testimony was needed. When she arrived her son saw his father, got his attention, and the two of them spoke briefly. Attorney Aisner from this Examiner's perspective, continued to badger the witness about her trying to stay close to the subject.

At this juncture, Ms. Brown stated she was no longer going to answer any further questions. She stated she does not care anymore if it is decided to release the subject. She would 'just have to move." As it became clear that she would no longer answer any further questions, the hearing was recessed to allow her to leave.

Ms. Christian Lamy, Investigator for the PDS was sworn in. She asserted she interviewed the witness and the witness had stated she had never made any false accusations.

The subject was brought back into the hearing. He denied having ever laid a hand on the witness. He stated Ms. Brown suffers from manic-depression. He stated that at one point he believe Ms. Brown had undergone a hysterectomy, but later learned she had partial hysterectomy. He stated Ms. Brown made these allegations because the subject's interest in her was simply to maintain contacts with his children. He stated he has no romantic interest in Ms. Brown. He also stated that Ms. Brown has always been jealous, especially when he was shown interest in other women.

Attorney Aisner complained that she was not allowed to complete her cross-examination due to the premature exit of Ms. Brown. She stated she had intended to explore issues around an 11/2/2006 incident. She wanted to seek the identification of the other persons witnessing the assault and she wanted to pursue the witness' claim that she had to remain in the hospital for two days subsequent to the assault.

The only identified witness to the assault, Ms. Brown prematurely removed herself from the hearing prior to the completion of the cross-examination. While the bulk of Ms. Brown testimony seemed credible, there were instances that this Examiner felt needed to be further explored. Specifically, she testified that she and the subject were struggling for close to an hour, her claim that she became unconscious for 3-5 minutes, and her assertion that her pregnancy was terminated as a function of the assault. Further, it seems rather surprising that MPD offices would not have mandated her being transported to a hospital given her providing the officers the details of the assaults, given she was pregnant and bleeding. On the other hand the defense has not provided any evidence to refute the details as specified by Ms. Brown. A final point is that when Ms. Brown chose to leave the hearing her departure did prevent the subject's attorney from completing her cross-examination of the witness.

**Findings of Fact:** This examiner makes no finding concerning the above charge.

**Basis:** The testimony in this case was prematurely terminated via the witness' decision to cease answering any further questions by the defense attorney.

**Discipline:** None

**Release Plans:** The subject stated he would reside at 516 Missouri Avenue, N.W., Washington, D.C. He would live there with is mother, Ms. Gale Coates.

**Guideline Parameters**

**Severity:** Category Two, in that it involved simple assault.
**Salient Factor Score:** 2
**Re-parole Guideline:** 16-22 months

**Evaluation:** This subject has come in front of the Commission after having been arrested on two charges of Assault. Both charges stemmed from the subject's chaotic relationship with the victim whom he has known for approximately 12 years. The victim in this case had appeared before the Commission in 2005 after having charged the subject with Assault. During the earlier revocation hearing, the witness had recanted the accusation and the subject was reinstated to supervision. Today, the witness provided credible testimony in spite of incessant questioning by the defense attorney as it pertained to the earlier revocation hearing in 2005 and the witness' own conviction in 2004 for Assault and Destruction of Property with our subject at that time being one of Ms. Brown's victims. Ms. Brown acknowledged the earlier conviction. Her explanation of the events involved in the current charges was clear, consistent, and most of all credible.

**Recommendation:** Revoke the term of supervised release. You shall serve a new term of imprisonment of 16 months form 3/22/2007, the date the warrant was executed. You shall serve a new term of supervised release of 42 months. Upon your release from custody, you shall be subject to the following special conditions: Drug Aftercare; Participate in Anger Management.

**Statutory Interim Hearing:** NA

**Additional Text:** None.

**Colts, Ernest, Reg. No. 32042-007**          **Page 5 of 7**

**I certify that I have reviewed this hearing summary.**

*Gregory E. Price*

Gregory E. Price, Hearing Examiner

GEP/SMW
June 22, 2007

**Executive Reviewer's Comments:** Denton 7/16/07

I have listened to the tapes of this hearing and do not recommend that the hearing be continued in an attempt to have the victim return to complete the cross-examination regarding Charge No. 2. The victim had completed testifying and the attorney had completed the cross-examination for Charge No. 1. Although the victim had completed outlining the sequence of events for Charge No. 2, the attorney was unable to complete the cross examination after the victim became angry and refused to answer any more questions because she was unhappy with the attorney's line of questioning. The victim first became upset during cross-examination for Charge No. 1 and wanted to leave, but was able to regain her control and continue with the hearing. The second charge was especially emotional for the victim since she had a miscarriage as a result of the assault. If the Commission were to continue the hearing and re-subpoena the victim/witness, based on my hearing the tapes, I find that it would be highly unlikely that she would appear to testify.

Although the victim spoke softly and it was hard to hear some of her statements, I found the victim to be consistent in her statements and credible. She acknowledged that she had lied at the last revocation hearing when she recanted her statements that subject had assaulted her previously. She provided a credible explanation for recanting her previous statements that is consistent with actions taken by victims of on-going physically abusive relationships. I found that her testimony regarding Charge No. 2 was consistent with her earlier statements and had no reason to believe that she was not being truthful.

I disagree with the examiner that this is a bottom of the guidelines case and recommend release after service of 22 months, the top of the range. Subject has a history of assaultive behavior, both related to the victim and the instant offenses involved from 5 to 9 carjackings and armed robbery. During the hearing, the attorney made objections that were not listed under the procedural considerations. Although not mentioned in the summary, the objections were resolved. The attorney was adamant that there was a police report for the behavior outlined in Charge No. 1. The tapes indicate the examiner contacted both the Commission and CSOSA on this matter and there was not a report completed. The attorney also felt that she was not given access to all documents that related to the charges. It was explained to the attorney that she was given all the documents the Commission had, but she felt there were documents available that the Commission should have gotten. Although the attorney was not satisfied with the examiner's explanation concerning the documents, the objection was overruled and the hearing continued. In my review of the file, I also did not find any police report related to the August 2006 assault and thus it was not evidence that the Commission had in its possession and therefore was not used as a basis to revoke supervised release. The examiner appropriately overruled this objection.

The examiner did not address Charge No. 3 at the hearing and it does not impact the overall severity rating of this case.

**EXHIBIT L**



# U.S. DEPARTMENT OF JUSTICE
## U.S. Parole Commission

COLTS, ERNEST

R

32042-007    PR017058
DC LOCAL RE    JCTFR
6/6/2007

**Institution:** CTF

In the case of the above-named, the Commission has carefully examined all the information at its disposal and the following action with regard to parole, parole status, or mandatory release status is hereby ordered:

**Revoke the term of supervised release.**

Date: _June 6, 2007_

_[signatures]_
Gregory L. Fowler PhD
Paul Newton 1/16/07
Francis J. Mitchell 7-20-07

Date: _____

_____
(Date Notice Sent)

National Appeals Board    _____
                              (check)

Regional Commissioners    _____
                              (check)

Full Commission    _____
                       (check)

# EXHIBIT L

 

# U.S. DEPARTMENT OF JUSTICE
## U.S. Parole Commission

COLTS, ERNEST

N 32042-007    PR017058
DC LOCAL RE    JCTFR

R 6/6/2007                                 institution: CTF

In the case of the above-named, the Commission has carefully examined all the information at its disposal and the following action with regard to parole, parole status, or mandatory release status is hereby ordered:

**You shall serve a new term of imprisonment of** ‾16‾ **months from** 3\21\2007 , **the date the warrant was executed.**

*(Note: Additional wording if applicable: Guideline credit for months in custody before the warrant was executed: _____ months.)*

_Gregory R. Rij PhD_

Date: ‾June 6, 2007‾

---

_You shall serve a new term of imprisonment of 22 months from 3/21/07, the date the warrant was executed._

_Patricia Newton 7/16/07_
_Stephen J Hark 7/19/07_
_Cranston Mitchell 7-20-07_

Date: _____

---

_____
(Date Notice Sent)

National Appeals Board        _____
                                  (check)
Regional Commissioners       _____
                                  (check)
Full Commission              _____
                                  (check)



# U.S. DEPARTMENT OF JUSTICE
## U.S. Parole Commission

COLTS, ERNEST

Na 32042-007    PR017058
DC LOCAL RE    JCTFR

Re 6/6/2007

stitution: CTF

In the case of the above-named, the Commission has carefully examined all the information at its disposal and the following action with regard to parole, parole status, or mandatory release status is hereby ordered:

**Upon your release from custody, you shall serve a new term of supervised release of** 42 **months and shall be subject to the following special conditions:**

DRUG AFTERCARE; COMPLETE AN ANGER MANAGEMENT PROGRAM

Gregory K. Tui, PhD

Date: June 4, 2007

**Upon your release from custody, you shall** ~~have no further~~ **supervised release** ~~on this sentence.~~ serve a new term of 36 months with drug aftercare, anger management. In addition you shall not associate with or contact the victim, Annie Brown.    Patricia Wilson 7/14/07

You shall also participate in domestic violence counseling

Date:    Vanita Mitchell 7-20-0.

_____
(Date Notice Sent)

National Appeals Board    _____
                                          (check)

Regional Commissioners    _____
                                          (check)

Full Commission    _____
                                          (check)

**EXHIBIT M**

U.S. Department of Justice                          **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: COLTS, Ernest                    Institution:   D.C. CTF
Register Number: 32042-007
DCDC No: 286-878                        Date:          July 24, 2007

---

As a result of the hearing conducted on June 6, 2007, the following action was ordered:

### SRAA D.C. Local Revocation

Revoke the term of supervised release. You shall serve a new term of imprisonment of 22 month(s) from March 21, 2007, the date the warrant was executed. You shall serve a new term of supervised release of 36 months following release from custody.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

In addition, you shall participate in and complete anger management counseling as directed by your Supervision Officer.

In addition, you shall participate in and complete domestic violence counseling as directed by your Supervision Officer.

In addition, you shall not have direct or indirect contact with Annie Brown unless approved by your Supervision Officer and the U.S. Parole Commission.

### FINDINGS OF FACT:

The Commission has found that you violated the following condition(s) of release:

Charge No. 1 - Law Violation: Assault.

Basis: The credible testimony of Ms. Brown.


The Commission has made no finding on the following alleged violation(s):

Charge No. 2 - Law Violation: Assault.

Basis: Insufficient evidence.

---

Queued: 07-24-2007 15:11:49 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USM-District of
Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

**EXHIBIT** M



**REASONS:**

Your supervised release violation behavior has been rated as Category Two severity because it involved Simple Assault. Your new Salient Factor Score is 2. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. Guidelines established by the Commission indicate a customary range of 16-22 months to be served before release. After review of all relevant factors and information presented, a departure from the guidelines is not warranted.

The above decision is appealable to the National Appeals Board pursuant to 28 C.F.R. 2.220.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C. 20001

       D.C. Federal Billing Unit
       D.C. Department of Corrections
       Washington, D.C. 20003

       Mona Asiner
       Public Defender Service
       District of Columbia
       Special Proceedings Division
       633 Indiana Avenue, N.W.
       Washington, D.C. 20004

       U.S. Marshals Service
       District of Columbia - District Court
       333 Constitution Ave, N.W., Room 1400
       Washington, D.C. 20001
       Warrants - Attn: David Baldwin

---

## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 2 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 0 | F - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | Salient Factor Score (SFS-98) (sum of points for A-F above) |



Points for SFS Item C:

| Age | Prior Commitments | | |
|---|---|---|---|
| | 0-1 | 2-4 | 5+ |
| 26 & up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 19 & under | 0 | 0 | 0 |

Queued: 07-24-2007 15:11:49 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |