Civil Action no. 07-1363

Dear Judge Bates,

How are you doing? I hope everything around you is peacefull and that you are doing well. I'm writing you this second time in hopes of getting your attention on an important part of my case.

Along with this letter I have attached three (3) pieces of documents that are marked as to the way you would find them in your own copy of the (Parole Commissions) Opposition Report. These documents are significant because one) they were writen and submitted by the Parole Commission themselves and two) they prove that the Commission did not have a "sufficent evidentary basis" to violate my parole. In Exhibit (J) pages 2 and 4 it shows the original law Violation #1 that Ms. Brown claimed to have happend on (August 27, 2006). In Exhibit (K) pg. 2 you'll see that Ms. Brown dramaticly changed her story to the point of no comparisson in regards to that same law Violation, and that "the Commission" showed no prejudice against the story change despite Ms. Browns earlier admittance of having a problem with making up stories (telling lies) and as a result of "their" disregard I was violated.

The Parole Commission states in their Report that they violated me for assault Violation #1 on the Warrant Application based on Ms. Browns "credible and consistant testimony". The Commission also stated that the decision must have a facual basis to →

pg. 1 of 2

support a violation.

Based on the fact that Ms. Browns testimony wasn't consistant with the Warrant Application and that neither of the two (Ms Browns testimony & Warrant Application) had any factual Basis of support, The Parole Commissions reliance on the testimony and Warrant Application should be considered deficient because they both were totally lacking in evidentiary support.

There were no police reports, medical reports, photos, witnesses, or any tangible evidence at all to support that an actual assault to place to warrant a violation of parole.

There wasn't even a docket # given to the charge to reffer back to.

Judge Bates Sir I faithfully submit this letter to you along with its attachments in hopes that you would view this case accordingly and allow me to be granted the relief that I seek.

Thank You for Your time and Consideration.

Respectfully & faithfully Submitted

Ernest (Coates) Colts

32042-007

Civil Action # 07-1363

pg. 2 of 2



(Exhibit (K) pg.2)

Civil Action no. 07-1363

**Procedural Considerations:** None

**Charges:**

**Charge No. 1 - Law Violation - Assault**

**Evidence Presented:** The subject denied the above charge.
Ms. Annie Brown, the reported victim, was sworn in. She stated that on 8/20/2006 the subject come to her residence on Hamilton Street, N.W. The subject asked her if she had been looking for him. When she said no and left her door, the subject tossed some clothing at her that she had purchased for him. She told him to just give her belongings. They then walked to the subject's apartment. More words were exchanged. Ms. Brown told him to forget it and began walking back to her residence. She stated that subject walked behind her occasionally tossing a bag of clothes at her back. When they reached Ingraham Street, the subject pushed her from behind, causing her to fall on her stomach. Ms. Brown stated that she contacted a policeman and conveyed the details of the assault. The next day, according to Ms. Brown, she went to the precinct to secure a restraining order against the subject. She noted that she and the subject had known each other for 12 years and that they have two children between them. She said the Metropolitan Police Department officer took a statement and then the officer left her to try to find the subject. Ms. Brown brought in her copy of the Civil Protection Order (CPO) initially thinking it was a PD-163. She noted she did not go to a hospital after the assault. She stated she learned the following day that she was pregnant. This Examiner asked the witness if she and the subject ever argued prior to this incident; she stated they argued "all the time." She stated the subject is a controlling person. Further, she said she initially stayed with him out of her love for the subject but lately, it has been because of the children.

The witness underwent a very detailed cross-examination. Attorney Aisner asked if the witness had filed a CPO in August. Ms. Brown stated she had. She asked the witness about her mental health status. Ms. Brown stated she suffers from depression and cancer. Ms. Aisner questioned the witness about a CPO that had been filed AGAINST Ms. Brown as a result of her assaulting the subject and a female friend, Ms. Dupree, and charged of Destruction of Property. As a part of a plea agreement, Ms. Brown was ordered to stay away from the 400 block of Missouri Avenue, N.W. (the home of Ms. Dupree). Upon incessant questioning by the attorney, Ms. Brown acknowledged she had violated her own stay away order. She noted that she and the subject had continued their intimate relationship in spite of the stay away order. Ms. Brown reiterated the details of the assault. Attorney Aisner questioned the witness as to whether she informed the police of the stay away order that had been imposed against her. Ms. Brown responded in the affirmative as well as noted she had no known injuries or discoloration as a result of the assault.

After an hour into the Hearing

At Attorney Aisner request, a recess was taken. During the break, Ms. Brown blurted out frustrations with the process as well as her sense that the attorney felt no empathy for her situation. She then informed this Examiner that she had been informed by the Data Tech (Ms. Wedlock) that she would not have to testify in the presence of the subject because she was frightened of being in the same room as the subject. Ms. Brown was visible shaken. I contacted the Data Tech. She confirmed that Ms. Brown had requested testifying in the absence of the subject. This information was conveyed to Attorney Aisner. She objected to the witness being allowed to testify with the subject removed from the hearing including making a reference to the manual (Section 2.103). I

Colts, Ernest, Reg. No. 32042-007         Page 2 of 7

fight. A W.A.L.E.S. check revealed he was wanted in Montgomery County for Failure to Appear in a Criminal matter. Subject was placed under arrest as a fugitive from justice.

Subsequent to arrest, Coates admitted to committing numerous (between 5 and 9) carjacking in D.C. He admitted to his participation in the offense against the cab driver that involved carjacking and robbing the driver of money. Subject identified his coconspirator as "Wallbanger". Additionally, Subject admitted to keeping the cab and confirmed he was driving it when stopped in Maryland on 11/19/01.

**Colts commenced the 5-year supervised release term on 12/20/04 with a full term date of 12/15/09.**

A violator warrant was issued on 2/17/05 for assault. This offense was alleged to have been committed against Annie Brown, Subject's girlfriend. It occurred on 1/6/05, when it was reported that he assaulted her by slamming her head into a car, elbowing her in the jaw and kneeing her in the stomach. The case was no papered. The violator warrant was executed on 3/3/05. A Local Revocation Hearing was conducted on 5/5/05. The victim appeared and testified that at no time did Subject hit, punch or kick her. The victim said that she accosted the Subject. Per Notice of Action (NOA) dated 5/20/05, a no finding of violation was made and Subject was reinstated to supervision.

**Colts released from the violator warrant on 5/20/05 and was reinstated to supervision with the FTD of 12/15/09.**

File documentation shows that Annie Brown filed a Petition and Affidavit for Civil Protection Order (CPO #06CPO3139) on 10/11/06 in the Superior Court for the District of Columbia. The Order identified two assault incidents (8/27/06 & 10/9/06) committed against victim Brown by the Subject.

The current warrant was issued on 2/22/07 charging two assault violations and violation of the civil protection order. The warrant was executed on 3/21/07. The USMS informed the USPC of the executed warrant on 5/17/07. Counsel continued the Probable Cause Hearing from 5/18/07 for appearance of the alleged victim. The Probable Cause Hearing was conducted on 5/22/07. The victim was not present. During the hearing, Subject denied the violations and PDS Attorney Mona Aisner commented that "this same victim (Brown) claimed to have been assaulted earlier.. at the time of the revocation hearing, she admitted she makes things up." Probable Cause was found and the Local Revocation Hearing was scheduled for 6/6/07 a.m.

**Violations of Conditions of Release:**

> **Charge No. 1 - Law Violation. Assault.**
> Violation Behavior:............... On 8-27-06, the releasee punched the victim in the chest and upper body area multiple times with a closed fist. The victim was granted an Order for Civil Protection. The releasee was arrested by the Metropolitan Police Department for the above-cited offense on 10-12-06. This charge is based on the information contained in the violation report dated 11-6-06 from supervising officer Tiffany Wright and a police report dated 10-12-06. Status of Custody/Criminal Proceedings: There is no avaialbe information in PRISM regarding the charge.
>
> **Charge No. 2 - Law Violation. Assault.**
> Violation Behavior:............... On 10-9-06, the releasee struck the victim in the chest with a closed fist. He struck the victim a second time in the chest with a closed fist causing her to fall on the ground. Then he pulled the victim's hair causing her to fall on the ground, grabbed her by the neck and began choking her. The victim was granted an order for Civil Protection. The releasee was arrested by the Metropolitan Police Department for the above-cited offense on 10-12-06. This charge is based on the information

SFS Item D = 0   08/27/2006 - Date of Current Offense.
12/20/2004 - Release to the Community from last commitment

SFS Item E = 0   Subject is a parole/ supervised release violator.

SFS Item F = 0   Sum of Items A-E = 2 and the offender was 29 years old at the commencement of the current offense.

**Salient Factor Score = 2**

---

**Rescission Behavior(s):** The prisoner had no Disciplinary Behavior after the Warrant Execution.

**Re-parole Guidelines (range in months):** 16 - 22

**Rescission Guidelines (range in months):** 0 - 0

**Aggregate Guidelines (range in months):** 16 - 22

**Text to Describe Any Other Behavior or Remaining Issues:**
The Probable Cause digest does not reflect the status of the criminal charges. *NOTE:* Efforts were made to access *PRISM* records but the data base showed no record connected with DCDC #286878 or PDID #458719. Reference is made to the NCIC report that revealed on 11/2/06 "not guilty" for charge of Simple Assault.

The Institutional Case file may clarify whether the criminal charges have been disposed of.

**Evaluation:**
Ernest Colts (Coates), age 29, is before the USPC for his second supervised release revocation hearing. He commenced service of the 5-year supervised release term on 12/04. As a result of an alleged assault, a violator warrant was issued in 2/05 but the supervised release term was not revoked {NOA dated 5/20/02} because the victim, Annie Brown, testified that Subject did not assault her as alleged.

Colts was reinstated to supervision per the 5/20/05 NOA. Pursuant to a Civil Protection Order, Annie Potts [Brown] alleged that Subject assaulted her by forcefully hitting her in the chest with a closed fist on 8/27/06 after she told him that their relationship needed to end. The victim's mother called the police based on her daughter's screams. Subject had left the area by the time the police arrived. Annie Brown proceeded with filing the Civil Protection Order, which was date stamped by the court on 10/11/06. On or about 10/9/06, at approximately 10:30 p.m., Subject observed the victim in the hallway of a building and told the victim that it was too late for her to be outside. She walked away but he grabbed her arm. When she reminded him that she no longer wanted to be with him, he forcefully hit her in the chest with a closed fist, twice, causing her to fall to the ground. When she attempted to get up, Subject pulled her hair, forcing her back to the ground and proceeded to choke her. The victim asked her oldest son to call the police. The victim talked to a police officer that was passing by but Subject had already gone.

Subject is back before the USPC for a second time for similar behavior. The same victim is involved this time as was previously. It is clear that a Civil Protection Order has been filed since the last revocation hearing. This came about after the victim reported an assault in 8/06. The victim appeared at the previous hearing and recanted her story. Counsel made this known at the probable cause hearing. If the victim appears and recants again, the

COLTS, ERNEST 32042-007                                                           Page 4 of 5