

February 18, 2008

RECEIVED
FEB 2 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
oF The District oF Columbia

Ernest Colts

  Petitioner,

v.

U.S. Parole Comm.

  Respondent.

Civil Case No. 07-1363 (JDB)

Motion for Reconsideration of Petitioner's Application of Petition for Writ of Habeas Corpus under Title 28 USC. 2241

I. Statement of the Case
II. Statement of the Facts
III. Summary of the Argument
IV. Argument

Document                                1                 Authorized

# I.
## Statement of the Case

On July 27, 2007 the petitioner filed in the District Court a Petition for a Writ of Habeas Corpus asserting that the Parole Commission (the Commission) violated his due process by not conducting his probable cause hearing within the five days required of them and by using false unrelated information to obtain his custody, and not having a sufficient evidentary basis to support their revocation decision.

On July 31, 2007 a Show Cause Order was issued to the Commission giving them 20 days to respond to the Petition.

On August 24, 2007 the Commission filed their response.

On January 9, 2008 the Court discharged an order denying the petitioner Habeas relief. Summarily, the Courts stated that the petitioner offered nothing more than speculation in his argument and that the Court could not conclude that the U.S.P.C. erred in making their revocation decision. However a copy of that order was not sent to this petitioner until February 5, 2008 therefore the petitioner respectfully request that he be granted an extention in accordance to the date he recieved the Courts order denying him relief so that he may be successful in filing this motion

1 of 8

for Reconsideration.

The petitioner believes that his motion for Reconsideration should be considered because there are arguments he's made supported by legal documentation that were overlook by the Court that would have ultimately persuaded a different decision in favor of his Petition. The contents of those documents are detailed within the Arguments and Conclussion portion of this motion.

## II. Statement of the Facts

On December 23, 2002 the petitioner Ernest (Coates) Colts was sentenced to a term of 3 years imprisonment followed by a 5 year term of supervised release for conviction of two counts of armed robbery and one count of assault with intent to commit robbery. The petitioner was released to his term of supervised release on (12-20-04). On November 1, 2006 the petitioner was apprehended by the Metropolitan police department on an (Arrest Warrant) regarding an assault alleged to have occurred on October 12, 2006. (see Arrest report)
On November 2, 2006 the petitioner appeared in the D.C. Superior Court for preliminary hearing and was informed that he would not be charged for the offence and that the case would not be given a docket No...

2 of 8

On February 22, 2007 the Commission issued a violator warrant on the petitioner charging him with three (3) law violations: assault on August 27, assault on October 9, and violation of a Civil Protection Order on October 12, 2006. On March 16, 2007 the Petitioner was taken into custody, and on March 21, 2007 the violator warrant was executed. On May 18, 2007 the petitioner was given a probable cause hearing which was postponed until May 22, 2007. On June 6, 2007 the petitioner had a revocation hearing that was conducted by Examiner Gregory Price whom recommended the petitioner be violated based on the testimony of Ms. Brown (the alleged victim) who appeared testifying that the petitioner had "pushed her causing her to fall on the ground". Summarily, the Court states that the petitioner failed to show that the Examiner erred in finding her testimony credible regarding the August 27, 2006 charge violation. Opposing with that, the Civil Protection Order that the Commission unlawfully used as a basis to support the hearing, describes incidents involving **punching, pulling of the hair, and choking**. Ms. Brown initialed both complaint on the affidavit which supports that she is not a credible witness. (see C.P.O.) and (Hearing summary for charge violation #1)

3 of 8

## III.
## Summary of the Argument

According to the Courts, the United States Parole Commission asserts that the petitioner was arrested on October 12, 2006, and was charged for two assault alleged to have occurred on August 27, and October 9, 2006 and that the charges are based on a police report dated October 12, 2006. To the contrary the petitioner has presented the Court with substantive documentation (an arrest report) showing that he was not arrested on October 12, 2006 and that his arrest didn't involve two, or three offences. In addition, the petitioner provided the Court with a copy of a ("Civil Protection Order") dated October 11, 2006 to demonstrate the Commission had unlawfully obtained their information from "it" and not from a police report which they testified the information came from on the Warrant Application. (see warrant application) The petitioner also presented the Court with a copy of the "Executive Reviewer's Comments" located on (pg. 6 in Exhibit K) of the Commission's Opposition Report. In that report, the Reviewer provides detailed confirmation that during the petitioner's revocation, the Examiner contacted both the Commission and (CSOSA) on the issue that there should have been a police report for the

4 of 8

behaviors outlined in the charge violations according to the Warrant Application. However, the examiner relayed that the Commission now ("SOSA") had no such reports in their possession relating to the charge violations, specifically the (August 27, 2006) charge violation.

## IV. Argument

On March 16, 2007 when the petitioner was retaken into custody by order of the Parole Commission to answere to criminal parole violation charges regarding his arrest on (November 1, 2006) the basis of his probable cause and revocation hearing should have consisted of the facts underlying the charge he was arrested for. On May 22, 2007 the petitioner appeared for his probable cause hearing where then he was presented with a copy of a Warrant Application exhibiting (3) three law violation charges, none of which correspond with his "arrest report". (see arrest report) Underneath each of the three charge violations it clearly states that the charges are based on a police report dated (October 12, 2006) Meaning that a copy of that document should have been presented along with the Warrant Application to support its contents.

5 of 8

However no such documents were presented by the Commission during either of the petitioner's hearings. The only documents presented by the Parole Commission were their Warrant Application and the petitioner's arrest report which clearly does not correspond with the dates, times, or locations of the alleged offences on the Warrant Application that were extracted from a Civil Protection Order. According to the Parole Commission's "Procedural Rules and Regulations Manual" the Commission is required to present alleged parole violators with copies of the information they used to support the violation charges.
In this case, it was written by the sworn hand of the Parole Commission (CSOSA) that the charges exhibited on the Warrant Application dated February 22, 2007 were "based on a police report dated October 12, 2006" (see warrant application). Yet when the Examiner called the Commission and CSOSA about the missing document, it was relayed that no such report existed in their record relating to the violation charges on the Warrant Application... Moreover, the Executive Reviewer also acknowledged that during his review of the file, he also did not find any

6 of 8

police reports relating to the violation charges. Meaning the Parole Commission (CSOSA) submitted false testimony regarding where they obtained their information from and false documentation. Therefore the Warrant Application against the Petitioner is invalid, which also means his confinement is unlawful.

In regards to the Civil Protection Order the Commission extracted their information from. The Commission does not have the authority to retake the costudy of a parolee regarding Civil Complaints, because they are "Civil", and do not require an evidentary basis nor do they undergo the prosecutional investigation process that criminal cases do. Therefore they are invalid and can not be used to obtain costudy or to make revocation decisions.

The petitioner has provided the Court with additional copies of the (Civil Protection Order), the (Arrest Report) dated 11/1/06, the (Warrant Application), and the (Executive Reviewer's Comments) so that they may be observed closely.

Together, those documents supports that (due process) has been violated and disclose the unconstitutional behavior demonstrated by the Parole Commission and supports the petitioners argument that his confinement is unlawful.

"Conclusion"

It is well recognized by Courts all across the land that it is Standard Operation Procedure (S.O.P.) for Law Officers to write out police reports regarding criminal allegation and arrest, because police reports are the basis that which all charges are created. Likewise, the Parole Commission are required to follow a similar standard that requires them to have a (factual evidentary basis) in order to obtain the costudy of an alleged parole violator.

When the Commission could not find any information regarding the petitioner's arrest on November 1, 2006, because of his case not recieving a docket no., the Commission made a clear and conscious decision to use false unrelated information to obtain a violator warrant for the Petitioner's arrest, which is an act punishable as a criminal offence.

Based on the information presented in this case the petitioner believes his motion for Reconsideration should be awarded.

Respectfully Submitted
Ernest Coates Colts
32042-007

8 of 8



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERNEST COLTS,

   Petitioner,

   v.

U.S. PAROLE COMMISSION,

   Respondent.

Civil Action No. 07-1363 (JD

### MEMORANDUM OPINION

This matter is before the Court on a petition for a writ of habeas corpus. Having considered the petition, the United States Parole Commission's opposition, and petitione response, the Court will deny the petition.[1]

### I. BACKGROUND

On February 22, 2007, the United States Parole Commission ("USPC") issued a

To: Clerk of the District Court,

I Ernest Coates Colts declare under the penalty of perjury that I recieved the attached documents dated January 9, 2008 on February 7, 2008 and that I mailed the attached Motion for Reconsideration on this 19th day of February 2008.

Thank You

Respectfully,

Ernest Coates Colts

32042-007

DV   CD38

| METROPOLITAN POLICE DEPARTMENT Washington, D.C. ARREST/PROSECUTION REPORT P.D. 163 Rev. 5/2002    G.O. 401.5 | 1. PERSON NOTIFIED OF NAME CHANGE – UNIT – DATE/TIME – NCIC NO. (ID ONLY) | 2. ID NUMBER (ID ONLY) 458719 |
|---|---|---|
| | 3. DEFENDANT'S TRUE NAME – LAST, FIRST, MIDDLE (ID ONLY) Coates, Ernest | 4. CID NUMBER |
| 5. UNIT-ARREST NO. 040604243 | 6. DEFENDANT'S NAME – LAST, FIRST, MIDDLE (At time of arrest) Coates, Ernest | 7. DEA LAB NUMBER |
| 8. Arresting Officer's Name Potts, Derrick | 9. TYPE OF RELEASE ☐ CITATION ☐ BOND ☐ COLLATERAL | 10. NICKNAME / ALIAS | 11. PHONE NUMBER 202-726-5472 |
| Rank  Badge #  Agency OFC  1302  MPD | 12. COURT DATE 11/02/06 | 13. ADDRESS (Include Room / Apt. No, City & State if Outside D.C.) 516 Missouri Ave NW | 14. TIME IN D.C. life |

| 15. ☐ CHILD ABUSE | ☐ GANG SPECIAL INTELLIGENCE | ☐ HATE | ☐ SENIOR CITIZEN | ☐ DOMESTIC VIOLENCE | 16. SEX Male | 17. RACE Black | 18. BIRTHDATE 7/30/77 | 19. SOCIAL SECURITY NUMBER 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 |
|---|---|---|---|---|---|---|---|---|
| 20. NEED INTERPRETER ☐ YES ☒ NO | 21. HEIGHT 5'7 | 22. WEIGHT 180 | 23. HAIR Blk | 24. EYES Brn | 25. COMPLEX Med | 26. PERMIT NO/ST 579068929 | | 27. BIRTHPLACE (City & State) Washington DC |

| 28. CO-DEFENDANTS: Number ___ (If more than 3, list on back) NAME, ADDRESS, ZIP CODE AND PHONE NUMBER | 29. IMPERSONATOR? ☐ M ☐ F ☒ NO | 30. ETHNICITY Afro-American | 31. CAUTION none |
|---|---|---|---|
| | 32. SCARS/MARKS/TATTOOS Birth mark on lip | | |
| | 33. HAT none | 34. JACKET none | 35. PANTS Blk |
| | 36. COAT none | 37. SHIRT Blk | 38. SKIRT/DRESS none |

| CHECK MADE BY (Name) Det. Johnson | 39. WALES/NCIC CHECK NCIC NUMBER 11385 | WARRANT ON FILE (If Yes, enter Warrant Numbers) Yes ☒ No ☐  200CRW003218 | |
|---|---|---|---|
| LOCATION OF OFFENSE (Exact Address, include Room / Apt No.) DC Superior Court (500 Indiana Ave NW) | | DATE OF OFFENSE 10/12/06 | TIME OF OFFENSE 1654 hrs |
| LOCATION OF ARREST (Exact Address, include Room / Apt No.) 5200 Blk of Illinois Ave NW | | DATE OF ARREST 11/1/06 | TIME OF ARREST 1600 hrs |
| ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY | ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY | | |

| | | 43. DEFENDANT ADVISED OF RIGHTS | | |
|---|---|---|---|---|
| DATE | TIME | LOCATION not advised | OFFICER'S NAME – ADVISING / COMPLETING PD FORM 47/47A | BADGE NO.  UNIT |

| 44. COMPLAINANTS / WITNESSES (If sworn member – Name, Rank, Badge No. and Unit) MORE ☐ See Back | | | | |
|---|---|---|---|---|
| NAME – LAST, FIRST, M.I. Det. Johnson | ADDRESS – STREET, CITY, STATE, ZIP CODE 6001 Georgia Ave NW | BIRTHDATE on file | HOME PHONE NO. on file | WORK PHONE NO. on file |

| 45. SPEC OPS none | 46. TACTICS 11 - Arrest Warrant | 47. PREMISES 1 - Street | 48. SCHOOL ZONE ☐ PUBLIC HOUSING ☐ |
|---|---|---|---|

| CHARGES | NOI OR WARRANT NUMBER | CCN | MPD DISPOS. | COLLA/BOND RECEIPT NO |
|---|---|---|---|---|
| 1. Simple Assault (DV) | 2006CRW003218 | 129-195 | Lock up | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |

| 50. PROPERTY RECOVERY / ITEMS OF EVIDENCE | | 51. INITIALS – DATE – UNIT OF PERSON TAKING PRINT | 53. RIGHT THUMB PRINT |
|---|---|---|---|
| PROPERTY BOOK/PAGE NO. | CSES NO. | | |
| | | 52. M.O. WEAPONS, HANGOUTS, HABITS, INSTRUMENTS | |

DISTRIBUTION: Page 1 to ID & R ; Page 2 & 3 to Prosecutor, Page 4, Unit Copy; Page 5 Officer's Copy

COMPLETE ALL REQUIRED FIELDS AND MAKE FIVE COPIES FRONT TO BACK

I certify that I have reviewed this hearing summary.

*[signature]*

Gregory E. Price, Hearing Examiner

GEP/SM:W
June 22, 2007

**Executive Reviewer's Comments:** Denton 7/16/07

I have listened to the tapes of this hearing and do not recommend that the hearing be continued in an attempt to have the victim return to complete the cross-examination regarding Charge No. 2. The victim had completed testifying and the attorney had completed the cross-examination for Charge No. 1. Although the victim had completed outlining the sequence of events for Charge No. 2, the attorney was unable to complete the cross examination after the victim became angry and refused to answer any more questions because she was unhappy with the attorney's line of questioning. The victim first became upset during cross-examination for Charge No. 1 and wanted to leave, but was able to regain her control and continue with the hearing. The second charge was especially emotional for the victim since she had a miscarriage as a result of the assault. If the Commission were to continue the hearing and re-subpoena the victim/witness, based on my hearing the tapes, I find that it would be highly unlikely that she would appear to testify.

Although the victim spoke softly and it was hard to hear some of her statements, I found the victim to be consistent in her statements and credible. She acknowledged that she had lied at the last revocation hearing when she recanted her statements that subject had assaulted her previously. She provided a credible explanation for recanting her previous statements that is consistent with actions taken by victims of on-going physically abusive relationships. I found that her testimony regarding Charge No. 2 was consistent with her earlier statements and had no reason to believe that she was not being truthful.

I disagree with the examiner that this is a bottom of the guidelines case and recommend release after service of 22 months, the top of the range. Subject has a history of assaultive behavior, both related to the victim and the instant offenses involved from 5 to 9 carjackings and armed robbery. During the hearing, the attorney made objections that were not listed under the procedural considerations. Although not mentioned in the summary, the objections were resolved. The attorney was adamant that there was a police report for the behavior outlined in Charge No. 1. The tapes indicate the examiner contacted both the Commission and CSOSA on this matter and there was not a report completed. The attorney also felt that she was not given access to all documents that related to the charges. It was explained to the attorney that she was given all the documents the Commission had, but she felt there were documents available that the Commission should have gotten. Although the attorney was not satisfied with the examiner's explanation concerning the documents, the objection was overruled and the hearing continued. In my review of the file, I also did not find any police report related to the August 2006 assault and thus it was not evidence that the Commission had in its possession and therefore was not used as a basis to revoke supervised release. The examiner appropriately overruled this objection.

Colts, Ernest, Reg. No. 32042-007                    Page 6 of 7

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## DOMESTIC VIOLENCE UNIT

ANNIE L. BROWN,
609 Hamilton St NW
Washington, DC 20011
     **Petitioner,**

CPO No: 06 CPO 3139

v.

ERNEST COATES,
Unknown address
     **Respondent,**



### PETITION AND AFFIDAVIT FOR CIVIL PROTECTION ORDER

Pursuant to D.C. Code Section 16-1001 *et seq.*, Adult Petitioner respectfully requests that the court issue a 12-month Civil Protection Order against Respondent. In support of this request, Adult Petitioner states:

1. Respondent is related to Petitioner ☐ By Blood; ☐ Legal Custody; ☐ Marriage; ☒ Having a Child in Common; ☒ Now or Previously Having Shared the Same Residence; ☐ Romantic/Dating Relationship; ☐ Stalking; ☐ Section 16-1001(5)(c)

**If related by romantic/dating relationship:**
Do you reside in the District of Columbia? ☒ Yes ☐ No
Did any incident described below occur in the District of Columbia? ☒ Yes ☐ No

Petitioner and Respondent have been dating for 12 years. The parties have two children in common. Respondent vacate the Petitioner's residence in the beginning of August.

2. Respondent committed or threatened to commit an act punishable as a criminal offense against Petitioner within the meaning of D.C. Code Section 16-1001 *et seq.*, by: *(Please describe any such acts, including physical assaults like hitting, punching, shoving or kicking; threats to do harm, or destruction of property).*



A. On or about **October 9, 2006** at approximately **10:30 p.m.**
At Location:
5th and Long Fellow NW
Washington, DC

Petitioner was visiting a friend and found the Respondent in the building hallway. The Petitioner's friend told her to come back another day and the Respondent told her that it was too late for her to be outside. Petitioner walked away, but the Respondent forcefully grabbed her right arm and told her to walk outside the building. Petitioner told the Respondent that she did not want to be with him anymore. Respondent proceeded to

forcefully hit the Petitioner's chest with a close fist. Respondent hit the Petitioner's chest a second time, causing her to fall onto the ground. Petitioner told the parties' oldest son to call the police, however the Respondent grabbed him by the back of his jacket and forcefully slammed the front door of the building. Respondent grabbed and pulled the Petitioner's hair causing her to fall onto the ground a second time. While on the ground, the Respondent grabbed the Petitioner's neck and began to choke her. Respondent released the Petitioner and ordered her to say that she loved him. Every time the Petitioner tried to get up the ground, the Respondent would choke her and told her to shut up. Eventually, the Respondent released the Petitioner. Petitioner talked to a police officer that was passing by, but the Respondent was already gone by the time they came back to the building. (CCN# 139-006)

**B. On or about August 27, 2006 at approximately 11 p.m.**
A: Location:
   Hamilton St NW
   Washington, DC 20011

Respondent came to the Petitioner's residence and both parties began a verbal argument outside the residence. Respondent forcefully hit the Petitioner's chest with a close fist. When Petitioner told the Respondent that they needed to break up, the Respondent told her that it was not over yet. Respondent continued hitting the Petitioner's chest and upper body. When the Petitioner's mother heard the Petitioner screaming, she called the police. Respondent was already gone by the time the police arrived. (CCN# 129-195)

**Respondent has a history of violence.**

**Respondent abuses alcohol and uses marijuana.**

**Petitioner is in fear for her immediate safety.**

This document was filed October 11, 2006, the date of offence on the Arrest Report is October 12, 2006, a day after this document was filed which supports it is not related to my arrest on November 1, 2006. If you would look up at the left hand corner you'll see that this document was fax to the Commission (CSOSA) on December 12, 2006 which supports they obtained their information from here, and not from a police report.

ON THE BASIS OF THESE ALLEGATIONS, PETITIONER REQUESTS AN ORDER INCLUDING THE FOLLOW-

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name......................... Colts, Ernest

Reg. No...................... 32042-007
DCDC No..................... 286-878
FBI No........................ 707022DB0
Birth Date................... ████████
Race........................... Black

Date............................... February 22, 2007
Termination of Supervision ..... December 15, 2009
Violation Date ..................... August 27, 2006
Released ........................... December 16, 2004

Sentence Length............. 3 years; 5 years supervised release
Original Offense............. Armed Robbery; Assault with Intent to Rob

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**

**Charge No. 1 - Law Violation. Assault.** On 8-27-06, the releasee punched the victim in the chest and upper body area multiple times with a closed fist. The victim was granted an Order for Civil Protection. The releasee was arrested by the Metropolitan Police Department for the above-cited offense on 10-12-06. This charge is based on the information contained in the violation report dated 11-6-06 from supervising officer Tiffany Wright and a police report dated 10-12-06. Status of Custody/Criminal Proceedings: There is no avaialbe information in PRISM regarding the charge.
I ADMIT [ ] or DENY [ ] this charge.



EXHIBIT G

Colts, Ernest
Reg. No. 32042-007   DCDC No. 286-878

**Charge No. 2 - Law Violation. Assault.** On 10-9-06, the releasee struck the victim in the chest with a closed fist. He struck the victim a second time in the chest with a closed fist causing her to fall on the ground. Then he pulled the victim's hair causing her to fall on the ground, grabbed her by the neck and began choking her. The victim was granted an order for Civil Protection. The releasee was arrested by the Metropolitan Police Department for the above-cited offense on 10-12-06. This charge is based on the information contained in the violation report dated 11-6-06 from supervising officer Tiffany Wright and a police report dated 10-12-06. Status of Custody/Criminal Proceedings: There is no available information in PRISM regarding the charge.
I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 3 - Law Violation. Violation of an Order for Civil Protection.** On 10-12-06, the releasee was arrested by the Metropolitan Police Department for the above-cited offense on. This charge is based on the information contained in the violation report dated 11-6-06 from supervising officer Tiffany Wright and a police report dated 10-12-06. Status of Custody/Criminal Proceedings: There is no available information in PRISM regarding the charge.
I ADMIT [ ] or DENY [ ] this charge.

**Probable Cause Hearing Is Required**          **Warrant Recommended By:**

                                                 *Rhonda A. Shelton* (signature)

Warrant Issued................... February 22, 2007    **Rhonda A. Shelton, Case Analyst**
                                                 **U.S. Parole Commission**

Community Supervision Office Requesting Warrant: **General Supervision Unit X-Team 21, 1230 Taylor Street**

Notes:
Law Violations <u>one</u> and <u>two</u> should be compared with (A) and (B) on <u>C.P.O.</u>

Since there was <u>never a police report</u> what <u>information was used to obtain</u> <u>his costudy?</u>

---

**Colts, Ernest**
**Reg. No. 32042-007   DCDC No. 286-878**