**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**ERNEST COLTS,**

     **Petitioner,**

        **v.**

**U.S. PAROLE COMMISSION,**

     **Respondent.**

        **Civil Action No.  07-1363  (JDB)**

**ORDER**

This matter is before the Court on petitioner's Motion for Reconsideration of Petitioner's Application of [sic] Writ of Habeas Corpus Under Title 28 U.S.C. [§] 2241 ("Mot. for Recons.") and Movant's Supplemental Addendum In re Motion for Reconsideration Filed February 22, 2008 ("Supp. Mot. for Recons.").  The motion will be denied.

The United States Parole Commission ("USPC") charged petitioner with three violations of the conditions of his supervised release: assaulting Ms. Annie Brown on August 27, 2006 (Charge No. 1), assaulting Ms. Annie Brown on October 9, 2006 (Charge No. 2), and violating a civil protection order on October 9, 2006 (Charge No. 3).  *See* Resp't Opp'n, Ex. G (Warrant Application) & Ex. H (Warrant).  Supporting the warrant application were two documents: a November 6, 2006 violation report prepared by supervision officer Tiffany Wright and a police report dated October 12, 2006.  *Id.*, Ex. G.  Neither of these documents was included in the record before the USPC.  After conducting a revocation hearing at which petitioner was represented by counsel, the hearing examiner found that petitioner violated the conditions of his release as

-1-

indicated in Charge No. 1, the August 27, 2006 assault on Annie Brown. *Id.*, Ex. K (Hearing Summary) at 3. There was no finding as to Charge No. 2, the October 9, 2006 assault on Annie Brown, and the hearing examiner did not address Charge No. 3, the alleged violation of a civil protection order. *Id.* at 5, 7. Ultimately the USPC revoked supervision and directed that petitioner serve a term of 22 months' imprisonment. *See id.*, Ex. M (July 24, 2007 Notice of Action) at 1. On consideration of petitioner's petition for a writ of habeas corpus and the government's response to an order to show cause, the Court concluded that there was evidence in the record before the USPC to support its decision to revoke supervised release. *Colts v. U.S. Parole Comm'n*, 531 F. Supp. 2d 8, 13 (D.D.C. 2008).

Petitioner now contends that the USPC's reliance on the October 12, 2006 police report violated his due process rights because it was not in the record before the USPC. *See* Pet.'s Mot. for Recons. at 5-7. The only arrest report in the record indicates that petitioner was arrested on November 6, 2006 pursuant to a warrant and was charged with simple assault. *See id.*, Ex. (Arrest/Prosecution Report). Because this report did not reflect conduct underlying Charge Nos. 1 and 2, the assaults on Ms. Brown, the warrant itself is invalid and, the argument goes, the USPC does not have the authority to revoke supervision and to return him to custody. *See* Pet.'s Mot. for Recons. at 5-7; Supp. Mot. for Recons. at 1-2. He suggests that, instead, the USPC obtained its information from a Petition and Affidavit for Civil Protection Order obtained by Ms. Brown on or about October 11, 2006. Supp. Mot. for Recons. at 1-2; *see* Pet., Ex. (Petition and Affidavit for Civil Protection Order, No. 06 CPO 3139).

Review of the record shows that the USPC's findings were not based on the October 12, 2006 police report. First, the USPC found probable cause based on the November 6, 2006

violation report and petitioner's response to the charge, not based on the police report.  Resp't

Opp'n, Ex. I (D.C. Probable Cause Hearing Digest) at 2.  The police report was not in the record

before the USPC "and therefore was not used as a basis to revoke supervised release." *Id.*, Ex. K

at 6 (Executive Reviewer's Comments dated July 16, 2007).

"New criminal conduct may be determined either by a new federal, state, or local

conviction or by an independent finding by the [USPC] at [a] revocation hearing."  28 C.F.R. §

2.21(a)(2).  The USPC, then, is not bound by the existence of a police report or by the initiation or

outcome of a criminal proceeding.  In this case, the hearing examiner reached his decision on

Charge No. 1 based on the testimony of Annie Brown, and an executive reviewer who listened to

the tapes of the hearing concurred.  *See* Resp't Opp'n, Ex. K at 3, 6.  Both found her testimony to

be credible.  *See id.*  There is, then, no basis to disturb this Court's earlier decision denying the

petition for a writ of habeas corpus.

For these reasons, the Court concludes that petitioner still fails to establish a violation of

his due process rights.  Accordingly, it is hereby

ORDERED that petitioner's motion for reconsideration [Dkt. #16] is DENIED.

SO ORDERED.


_____/s/_____
JOHN D. BATES
United States District Judge

Date: April 10, 2008

-3-